■ STATE DIVISION OF HUMAN RIGHTS, Respondents, v EASTMAN KODAK COMPANY, KODAK APPARATUS DIVISION, Petitioner.—Determination unanimously annulled, without costs, and complaint dismissed, Simons, J., not participating. Memorandum: On February 23, 1972 complainant filed a charge of discrimination in employment with the State Division of Human Rights, alleging that petitioner had discriminated against her because of her sex in that male employees who performed the same or similar work as complainant were paid at a higher salary rate. The division conducted an investigation and pursuant to hearings held on May 21 and June 14, 1974 the hearing examiner found that complainant had not been discriminated against and recommended that the complaint be dismissed. On January 20, 1975 the Commissioner of the State Division of Human Rights issued a decision and order wherein he rejected the findings of fact made by the hearing examiner and determined that complainant was indeed discriminated against in that she was compensated at an hourly salary rate which was less than that of male employees within her department performing similar work. Petitioner filed an appeal and in an order dated June 30, 1975 the State Human Rights Appeal Board unanimously affirmed the decision and order of the commissioner. In this special proceeding pursuant to section 298 of the Executive Law, petitioner seeks review of the appeal board's determination. Section 298 of the Executive Law, provides that "findings of facts on which [an] order is based shall be conclusive if supported by sufficient evidence on the record considered as a whole." This court has interpreted that statutory language as requiring that if there is "substantial evidence" to support the division's findings, such determination must be confirmed (see *New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League,* 36 AD2d 364, 371, affd 29 NY2d 921). Although there is arguably substantial evidence in the record to establish that petitioner had discriminated against complainant by denying her the same promotional opportunities as were available to males, the evidence is insufficient with respect to complainant's allegation that she received lesser pay for the same or similar work performed by male employees in her department. Complainant argues that petitioner maintained sex-linked job classifications in which females were restricted to one

category and paid a certain salary rate and males were included in the other category and paid a higher salary rate. Even if we accept as true complainant's contention that petitioner maintained sex-linked job classifications, there is absolutely no evidence in the record to sustain the commissioner's finding that males doing the same or similar work as complainant were paid at a higher salary rate. (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.