BURLINGTON INDUSTRIES, INC., et al., Appellants-Respondents, v NEW YORK CITY HUMAN RIGHTS COMMISSION et al., Respondents-Appellants.

First Department, August 13, 1981

APPEARANCES OF COUNSEL

*Laura B. Hoguet* of counsel *(Edward J. M. Little* with her on the brief; *White & Case,* attorneys), for appellants-respondents.

*Diane Serafin Blank* of counsel *(Gordon & Shechtman, P. C.* and *Allen G. Schwartz, Corporation Counsel,* attorneys) for New York City Human Rights Commission, and another, respondents-appellants.

### OPINION OF THE COURT

MURPHY, P. J.

In October of 1972, Jean Spencer was hired as the director of advertising in Burlington's draperies division. During the 1973 to 1975 period, Burlington underwent a financial consolidation and reorganization. Approximately 7,000 employees were terminated during that period; the sales force was reduced from 370 to 271 individuals. On January 10, 1974, Spencer was notified that her position was being eliminated because of Burlington's financial difficulties. During the following five months, she attempted to obtain an executive sales position in the merchandising and marketing areas of the company. Her efforts to secure a job in those fields were unsuccessful. However, Spencer was offered a position at the same salary on the advertising staff of the Klopman Mills division. She rejected this offer as unacceptable. In May of 1974, she was formally terminated from the payroll.

On September 11, 1974, Spencer filed a complaint with the New York City Commission on Human Rights. She charged Burlington and its chief executive officer, Klopman, with discriminating against her on account of her sex in violation of section B1-7.0 (subd 1, par [a]) of the New York City Administrative Code. At the hearing held before the commission, Spencer showed that 13 sales representatives, all men, had received the title of sales manager during the period January 1, 1974 through September 30, 1974. The commission found that Burlington underutilized women in the sales area. It further found that Spencer had applied for the sales positions and she was qualified in the sales area. It concluded that she had not been considered for a sales manager's position because of her sex. The commission granted a total award of $273,387.09. Special Term vacated so much of the award ($54,214.99) as related to attorney's fees and otherwise confirmed the commission's award in the sum of $219,172.10.

Spencer had the initial burden of establishing a prima facie case of discrimination before the commission. Once such a case had been made, Burlington had the burden of showing that she was terminated for some independent legitimate reason which was neither a pretext for discrimination nor was substantially influenced by impermissible discrimination. (Matter of Maloff v City Comm. on Human Rights [Anilyan], 46 NY2d 908, 910.) The commission was required to reach a determination based upon all the evidence at the hearing (Administrative Code, § B1-8.0, subd 2, par c). Upon judicial review, the findings of the commission as to the facts are conclusive if supported by sufficient evidence on the record considered as a whole (Administrative Code, § B1-9.0). Sufficient evidence has been interpreted to mean substantial evidence. (State Div. of Human Rights v Eastman Kodak Co., Kodak Apparatus Div., 55 AD2d 842.)

This record does not contain substantial evidence to support the commission's conclusion that Burlington engaged in an unlawful discriminatory practice.

First, there were technically no "openings" for sales manager. As was mentioned above, Burlington was undergoing a period of financial retrenchment. Six sales managers had actually been terminated during this time frame. The economics of the situation thus favored a promotional move to sales manager within each division. It was economically more feasible to expand a sales representative's duties and to increase his salary rather than to create an entirely new line for the position of sales manager. Moreover, it was undisputed that Burlington's historical personnel policy was to make promotions from within each division.

Burlington did not advertise or interview, either outside the company or outside the particular division, to fill the 13 positions for sales manager. Spencer cannot validly claim discrimination on the basis of sex when the sales positions were never offered to men outside the particular divisions. The overwhelming evidence demonstrated that she was not considered for the sales positions because of (i) the retrenchment caused by the recession and (ii) the company's personnel policy of promoting from within each division.

Although there was some proof in the record tending to show that only 5.3% of Burlington's sales force was female, that statistic, in and of itself, does not establish either a pattern of discrimination or discrimination in this particular case. As Spencer concedes in her brief, she made no attempt to establish the number of qualified women in the eligible pool from which Burlington could choose sales personnel. Absent such proof, the figure of 5.3% has a very limited evidentiary value on this appeal *(State Div. of Human Rights v Columbia Univ. in City of N. Y.,* 39 NY2d 612, 619). While Burlington may have discriminated historically in its hiring and firing practices in its sales areas, Spencer did not prove that fact.

Second, there was not substantial evidence to support the commission's finding that Spencer was qualified for a sales manager's position. In the 15-year period before she joined Burlington, Spencer had acted as an account executive in two large advertising firms. Much of her work in those firms was admittedly in the textile industry. Over the years, she had handled several of Burlington's advertising accounts. Her employment history prior thereto was in a series of positions that did build her background in the textile area but which cannot be considered "front line" sales positions.

There can be no question that Spencer had a broad-based knowledge of the textile industry. With that general knowledge, there is a probability that she could have developed the special expertise needed to manage a particular division, such as "sheets and towels". Burlington, however, had required applicants for the position of sales manager to have "substantial prior successful selling experience". Spencer did not technically meet this qualification because her area of specialty in the recent past was advertising. Therefore, even if the 13 positions were "open", it cannot be said that Burlington discriminated by offering the positions to individuals with superior knowledge of the products and territories involved *(State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276).

Third, it is most difficult to reach a finding of sexual discrimination when Spencer had been offered a replace-

ment position by Burlington in her field of specialty at the same salary. She was apparently the sole displaced employee to receive such an offer. Burlington had also given her full salary for approximately a five-month period after the original termination notice was given. Upon these facts, the conclusion might well be drawn that Burlington actually discriminated in her favor vis-à-vis all other displaced employees.

For the foregoing reasons, the order and judgment (one paper) of the Supreme Court, New York County (PECORA, J.), entered February 10, 1981, which vacated the commissioner's award of $54,214.99 for attorney's fees and otherwise confirmed the award in the sum of $219,172.10 against Burlington and Klopman based upon a finding of sexual discrimination, should be modified, on the law, by granting the petition to annul the remainder of the commission's determination, and as modified, it should be affirmed, without costs.

MURPHY, P. J., KUPFERMAN, SULLIVAN and ROSS, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on February 10, 1981, modified, on the law, by granting the petition to annul the remainder of the commission's determination, and as modified, the order and judgment is affirmed, without costs and without disbursements.