OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This appeal arises from a complaint filed with the State Division of Human Rights by Clifford C. Briggs, an African-American, alleging that he was terminated by appellant General Motors Corporation in violation of the Human Rights Law (Executive Law § 290
 
 et sea.).
 
 Having lost before the
 
 *186
 
 Division, appellant challenges the procedures and grounds underlying the administrative determination, contending (1) that the Commissioner — who at the time of the hearings was Division General Counsel — improperly issued the final order in the case; (2) the Administrative Law Judge (ALJ) exceeded his authority at the hearing; and (3) the determination was not supported by substantial evidence. Agreeing with the first ground, we reverse and remit the matter to the Division of Human Rights for further proceedings.
 

 Briggs, a certified welder, was hired by General Motors on August 15, 1983 to perform factory work at GM’s Delco Products Division in Rochester, New York. After a five-day orientation, Briggs was assigned to Department 211, where he worked on an assembly line making door locks. On Saturday, August 27, his sixth working day, Briggs was allegedly subjected to harassment by a white co-worker, who thereafter complained about him to their supervisor. In the middle of his shift, Briggs was escorted off the premises and summarily discharged by the supervisor, also white.
 

 Days later, Briggs filed a complaint with the State Division of Human Rights, charging that his termination was motivated by racial discrimination. The Division thereafter conducted an investigation and issued a finding of probable cause. Appellant denied the allegations, asserting that Briggs had been terminated both for repeated violations of shop rules and for threatening a co-worker.
 

 Between June 1987 and September 1988, four days of hearings were conducted before the AU. At those hearings, the Division — which presented the case for Briggs — was represented by "Margarita Rosa, General Counsel, New York State Division of Human Rights, Robert P. Leacy, of counsel.” While Rosa’s appearance was noted for the record, Leacy conducted the proceedings for the Division. In 1990 Rosa was named Commissioner of the Division.
 

 During the hearings, the ALJ questioned each witness at length, in all asking several hundred questions. After the close of the Division’s presentation, and during the examination of appellant’s first witness, the ALJ additionally directed appellant to compile and produce statistics showing hires and terminations during 1983, by race, which appellant refused to do. Appellant objected that the ALJ had gone beyond the role of the trier of fact and improperly assumed the role of developing the facts of the case for the Division.
 

 
 *187
 
 In July 1989, the AU issued his Recommended Findings of Fact, Decision and Order, concluding that the supervisor’s failure to allow Briggs an opportunity to respond to the coworker’s accusations and his failure to conduct a fair investigation by questioning the other workers on the assembly line had been motivated by racial discrimination. These findings were based, in part, on an adverse inference that the statistical evidence requested by the AU "if supplied, would have damaged [appellant’s] case, and aided [the Division’s] case.” The AU additionally found that Briggs had suffered embarrassment and humiliation as a result of his termination, and had developed a nervous condition requiring medical attention. The proposed order awarded Briggs reinstatement with back pay and compensation of $25,000 for mental anguish and humiliation.
 

 Appellant objected to the AU’s submission, and in May 1990 the Division’s Adjudication Counsel, having reviewed the record, issued an Alternative Proposed Order dismissing the complaint. Citing evidence that Briggs had threatened his coworkers to slow the pace of the work and had repeatedly violated shop rules, Adjudication Counsel concluded that appellant had terminated Briggs for legitimate, nondiscriminatory reasons. The Division and Briggs filed objections.
 

 In accordance with 9 NYCRR 465.15 (c), both proposed orders were submitted for review to the Commissioner — Margarita Rosa. Commissioner Rosa in March 1991 issued a final order (in her words) "adopting], with only minor stylistic changes” the AU’s Recommended Findings of Fact, Decision and Order. In her notice accompanying the order accepting the AU’s determination, she placed particular emphasis on appellant’s "refusal to produce pertinent, relevant and material evidence at the hearing, pursuant to the direction of the presiding Administrative Law Judge.”
 

 By CPLR article 78 proceeding, General Motors challenged the Commissioner’s order, contending that appellant was denied due process of law by Commissioner Rosa’s issuance of the final order and the AU’s participation in creating the factual record, and further that the finding of unlawful discrimination was not supported by substantial evidence.
 

 After transfer
 
 (see,
 
 Executive Law § 298), the Appellate Division confirmed Commissioner Rosa’s order, holding that she was required to issue that order under the Rule of Necessity because no other person was authorized to do so.
 
 *188
 
 The court concluded, moreover, that the ALJ had acted within the scope of his authority, and that the substantial evidence supported the finding of discrimination. The appeal is before this Court as a matter of right on constitutional grounds
 
 (see,
 
 CPLR 5601 [b] [1]).
 

 The Rule of Necessity
 

 The participation of an independent, unbiased adjudicator in the resolution of disputes is an essential element of due process of law, guaranteed by the Federal and State Constitutions
 
 (see,
 
 US Const, 14th Amend, § 1; NY Const, art I, § 6;
 
 see also, Matter of 1616 Second Ave. Rest, v New York State Liq. Auth.,
 
 75 NY2d 158, 161; Redish and Marshall,
 
 Adjudicatory Independence and the Values of Procedural Due Process,
 
 95 Yale LJ 455, 475-505 [1986]). Judicial independence contributes not only to accurate determinations but also to the appearance of fairness, equality between the parties, and predictability and rationality of result
 
 (id.,
 
 at 482-491).
 

 The Rule of Necessity provides a narrow exception to this principle, requiring a biased adjudicator to decide a case if and only if the dispute cannot otherwise be heard
 
 (see, Matter of Morgenthau v Cooke,
 
 56 NY2d 24, 29-31, n 3;
 
 Maresca v Cuomo,
 
 64 NY2d 242, 247, n 1,
 
 appeal dismissed
 
 474 US 802;
 
 Matter of Ryers,
 
 72 NY 1, 10-15; 3 Davis, Administrative Law Treatise § 19:9 [2d ed]; Schwartz, Administrative Law § 6.19 [2d ed]). Thus, where all members of the adjudicative body are disqualified and no other body exists to which the appeal might be referred for disposition, the Rule of Necessity ensures that neither the parties nor the Legislature will be left without the remedy provided by law
 
 (see, Trade Commn. v Cement Inst.,
 
 333 US 683, 700-703,
 
 reh denied
 
 334 US 839;
 
 Matter of Morgenthau,
 
 56 NY2d, at 29, n 3;
 
 Sharkey v Thurston,
 
 268 NY 123, 128).
 

 Given the principle at stake, "necessity” must be construed strictly, in favor of delegating judicial authority to others whenever possible
 
 (see,
 
 Resnik,
 
 On the Bias: Feminist Reconsiderations of the Aspirations for Our Judges,
 
 61 S Cal L Rev 1877, 1890-1896, 1935-1937 [1988]).
 

 The Division does not seriously question that Margarita Rosa’s two roles in the matter, first as General Counsel and then as Commissioner, presented at least an appearance of unfairness. While there is no reason to believe that she in fact
 
 *189
 
 had any bias against appellant by reason of her prior appearances as General Counsel, all other things being equal Commissioner Rosa should not have been the person choosing between the conflicting proposed orders and issuing the final order holding appellant liable for racial discrimination. As we noted in
 
 Matter of Beer Garden v New York State Liq. Auth.
 
 (79 NY2d 266, 279), undertaking the role of prosecutor in an administrative proceeding is "inherently incompatible with * * * subsequent participation as its Judge.”
 

 The parties’ argument, rather, is concentrated on the Rule of Necessity.
 

 The Division insists that the Rule of Necessity is applicable because, by statute, Commissioner Rosa is the only person who could have performed the review and issued the final order, and her disqualification would have both negated the legislative scheme and left Briggs without a remedy. For this proposition, the Division points first to Executive Law § 293 (1), declaring that there shall be "a commissioner” — just one— to head the Division, and second to Executive Law § 297 (4) (c), spelling out the procedure for entry of a final order. As the statute specifies, it is "the commissioner” who is to state findings of fact and issue the order, and only "the commissioner” who is charged with that ultimate responsibility.
 

 The Human Rights Law, however, in delineating the Division’s functions — including the power and duty "[t]o receive, investigate and pass upon complaints alleging violations of this article” — explicitly empowers the Commissioner to act through a "duly authorized officer or employee”
 
 (see,
 
 Executive Law § 295 [6] [a];
 
 see also, State Div. of Human Rights v New York Roadrunners Club,
 
 101 Misc 2d 239, 242). Moreover, Public Officers Law §9 carries forward the concept that appointment of a subordinate may be made even where not otherwise specified. While the Division urges that Executive Law § 295 can be read as a mere general outline subject to the specific mandate of Executive Law § 297 (4) (c), we reject that interpretation in favor of another reading of the statute: that section 295 (6) (a) means what it says. That reading is especially appropriate in a situation where "necessity” is to be construed narrowly and strictly.
 

 In the circumstances presented, we are not persuaded that there was any necessity for Commissioner Rosa — having appeared as General Counsel in the matter — also to issue the
 
 *190
 
 final order, rather than appoint a subordinate to conduct the review required by 9 NYCRR 465.15.
 
 *
 

 That the matter must be remitted to the Division for review by an impartial arbiter before issuance of a final order renders it unnecessary for us to pass upon appellant’s remaining contentions. Among other things, the new review may or may not favor the ALJ’s findings over those of the Adjudication Counsel; and the new review may or may not place particular reliance, as Commissioner Rosa did, on appellant’s refusal to compile and produce the statistical evidence requested by the ALJ. We therefore leave for another day, when such questions are necessary to the disposition of the case before us, the issue whether the ALJ exceeded his authority by actively questioning witnesses and directing the creation and production of documents.
 

 Accordingly, the judgment of the Appellate Division should be reversed, with costs, respondent’s determination annulled, and the case remitted for further proceedings in accordance with this opinion.
 

 Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 Judgment reversed, with costs, respondent’s determination annulled and matter remitted to Supreme Court, Monroe County, with directions to remand to the New York State Division of Human Rights for further proceedings in accordance with the opinion herein.
 

 *
 

 We thus do not reach appellant’s argument that, had the Rule of Necessity authorized Commissioner Rosa’s adjudication, the final order would have been subject to heightened scrutiny
 
 (see,
 
 3 Davis, Administrative Law Treatise § 19:9 [2d ed]; 1 Cooper, State Administrative Law, at 349-350 [1965]).