FOURTH DEPARTMENT, DECEMBER, 1993

(December 29, 1993)

■ CORNING GLASS WORKS, Petitioner, v RONALD P. OVSANIK et al., Respondents. [606 NYS2d 475] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: In this proceeding commenced pursuant to Executive Law § 298, petitioner, Corning Glass Works (Corning), contends that the determination of the Commissioner of the State Division of Human Rights (SDHR) should be annulled. Corning argues, *inter alia,* that it was denied due process when Commissioner Rosa, who appeared as General

Counsel for SDHR in the early stages of the proceedings, issued the final order, and that excessive delay on the part of SDHR resulted in substantial prejudice to Corning. We agree with both arguments.

At the commencement of the proceedings, the SDHR was represented by "Margarita Rosa—General Counsel", with Robert P. Leacy appearing Of Counsel. In 1990, Rosa became the Commissioner of SDHR, and in 1992 she issued the final order in this matter. Because Commissioner Rosa should not have issued the final order in a proceeding wherein she appeared as General Counsel *(General Motors Corp. v Rosa,* 82 NY2d 183), the determination must be annulled. Under other circumstances, we would remit the matter to SDHR for review by an impartial arbiter and issuance of a final order *(General Motors Corp. v Rosa, supra).* In this case, however, we find remittal to be unnecessary because we conclude that excessive delay requires granting the petition and dismissing the complaint.

The Court of Appeals has held that the time schedules set forth in Executive Law § 297 are directory only and that " '[a]bsent some showing of substantial prejudice, noncompliance with such schedules does not operate to oust the division of the jurisdiction conferred upon it by the Human Rights Law' " *(Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818, quoting *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 381; *see also, Matter of Morette v Rosa,* 190 AD2d 1071; *Matter of Alverson v State Div. of Human Rights,* 181 AD2d 1019; *cf., State Div. of Human Rights v Bethlehem Steel Corp.,* 86 AD2d 977). In our view, the unexplained delay of 8½ years between the filing of the complaint and the Commissioner's final determination in this case caused substantial prejudice to Corning. The matter was heard before Administrative Law Judge (ALJ) Glazer, who left State service before rendering a decision. Consequently, the case was referred to another ALJ, who made an initial determination based solely upon the hearing transcript, without the benefit of having seen or heard the witnesses. A dispute then arose whether ALJ Glazer had agreed to have the complainant's application for Social Security Disability Benefits included in the record. The extreme delay on the part of SDHR has deprived Corning of its ability to establish whether that documentation was meant to be included in the record. Finally, by virtue of the extraordinary delay in the resolution of this matter, Corning was subjected to exposure for an 8½-year award of back pay.

Federal courts, in reviewing excessive delays in proceedings before the Equal Employment Opportunity Commission to enforce title VII claims, have concluded that an employer suffers prejudice when excessive delay in processing claims substantially increases the employer's liability for back pay *(see, Equal Empl. Opportunity Commn. v Dresser Indus.,* 668 F2d 1199, 1204, n 13; *Equal Empl. Opportunity Commn. v Alioto Fish Co.,* 623 F2d 86, 89).

We do not address Corning's remaining arguments. (Proceeding Pursuant to Executive Law § 298 Transferred by Order of Supreme Court, Steuben County, Scudder, J.) Present —Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.