[609 NYS2d 576]

LYNN J. LEVY, Appellant, v CITY COMMISSION ON HUMAN RIGHTS, Also Known as NEW YORK CITY COMMISSION ON HUMAN RIGHTS, et al., Respondents.

In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent.

First Department, March 15, 1994

### APPEARANCES OF COUNSEL

*Rose M. Morgan* of counsel, Long Island City *(Barbara Finkelstein* with her on the brief; attorneys), for Lynn S. Levy, appellant.

*Eugene Freidus* of counsel, Brooklyn *(George S. Grupsmith* and *Elicia R. Weinstein* with him on the brief; *Albert C. Cosenza,* attorney), for The New York City Transit Authority, appellant.

*Michael S. Adler* of counsel, New York City *(Francis F. Caputo* with him on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for New York City Commission on Human Rights, respondent.

### OPINION OF THE COURT

Kupferman, J.

The New York City Transit Authority challenges the authority of the New York City Commission on Human Rights to investigate and conduct proceedings regarding charges of

unlawful sexual harassment and sexual discrimination asserted against it by a discharged probationary employee. This question of jurisdiction is seemingly one of first impression.

When the matter previously came before us on an appeal from a judgment dismissing the Transit Authority's application to prohibit the Commission from so proceeding, the underlying matter had already been concluded by a final determination and so we considered the question academic and dismissed the Authority's appeal, but allowed a challenge to such determination in a CPLR article 78 proceeding *(Matter of New York City Tr. Auth. v City of N. Y. Commn. on Human Rights,* 181 AD2d 550).

The Commission's determination, finding the petitioner-appellant Transit Authority guilty of sexual harassment and awarding the petitioner-cross-appellant Lynn J. Levy (petitioner) back pay and damages for mental anguish, and mandating the development and implementation of an agency policy on sexual harassment by the Authority, has now been confirmed, and so now we meet the issue.

*Matter of Maloff v City Commn. on Human Rights* (38 NY2d 329) provides a sound basis for upholding such jurisdiction notwithstanding that the Authority is a public benefit corporation rather than a State agency like the Board of Education in the *Maloff* case. In view of the fact that the Authority receives substantial financial support from the City of New York and its operation is wholly within the City, resulting in "interdependence" between the two *(Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth.,* 44 NY2d 101, 111), it is unrealistic to contend that the Authority is an independent agency separate from the City. Nor, is there any reason to conclude that the Commission's jurisdiction over the Authority would frustrate the Authority's goal of maintaining City-wide mass transit or the State interest in overseeing those operations. The Commission's jurisdiction in relation to human rights matters within the City of New York is concurrent with the jurisdiction of the New York State Division of Human Rights (General Municipal Law § 239-s).

With respect to the merits, we agree with the IAS Court that the Commission's findings that petitioner, a probationary subway car cleaner, was sexually harassed by her supervisor who asked her for a date on several occasions and upon her refusal began writing reports charging her with various disciplinary infractions; that the harassment was exacerbated when she was told by the Authority's manager of departmen-

tal labor relations that such harassment was to be expected because of her appearance and mode of dress; and its conclusion that, despite her poor employment record, her termination was precipitated by her harassment complaint, are supported by substantial evidence *(see, Burlington Indus. v New York City Human Rights Commn.,* 82 AD2d 415, 417, *affd* 58 NY2d 983).

In light of petitioner's admittedly poor work record, it was not unreasonable for the court to deny petitioner's request for future lost earnings or prejudgment interest *(see, Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 56). However, reinstatement should not have been denied. Even though petitioner did not request such relief at the hearing, inasmuch as the basis for her termination has been found to be due to her being subject to unlawful sexual harassment, she should have been reinstated to her position as a probationary employee and given an additional probationary period in which to demonstrate her competence and fitness in an atmosphere untainted by such harassment *(cf., Matter of Green v Commissioner of Envtl. Conservation of State of N. Y.,* 105 AD2d 1037).

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Harold Tompkins, J.), entered March 25, 1992, which confirmed the determination of respondent-respondent New York City Commission on Human Rights finding petitioner-appellant New York City Transit Authority guilty of sexual harassment and awarding petitioner-cross-appellant Lynn J. Levy back pay and damages for mental anguish, but denying her reinstatement or, in the alternative, an award for future lost earnings or prejudgment interest, should be modified, on the law, only to the extent of remitting the matter to respondent Authority and directing it to reinstate petitioner to her probationary position with imposition of an additional appropriate probationary period and, as so modified, it should be otherwise affirmed, without costs.

ELLERIN, J. P., WALLACH and RUBIN, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on March 25, 1992, modified, on the law, only to the extent of remitting the matter to respondent Authority and directing it to reinstate petitioner to her probationary position with imposition of an additional appropriate probationary period and, as so modified, otherwise affirmed, without costs.