■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v DORIK's AU NATURAL RESTAURANT, INC., et al., Respondents. [610 NYS2d 266] —Order of the petitioner Commissioner dated January 7, 1991, which, inter alia, awarded $10,000 in damages to complainant, is unanimously annulled, on the law, and vacated, the petition to enforce such order, pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Phyllis Gangel-Jacob, J.], entered on or about March 11, 1993), is dismissed and the matter remanded for further proceedings in accordance with the decision herein, without costs or disbursements.

The complainant, a waitress employed by respondents, filed a complaint with the petitioner alleging that she had been sexually harassed, and then terminated, by respondent Dorik Mekertichian. After an investigation, a finding of probable cause was made, and the matter came on for a hearing before the Administrative Law Judge. The manager of respondent's restaurant, though ill, submitted an affidavit that respondent Mekertichian engaged in a pattern of unwelcome sexual advances toward female employees in general including petitioner in particular, followed by "punishment" in the form of extra work, and finally, termination of employment. Complainant also testified to this course of conduct.

After the hearing, the Administrative Law Judge recommended that an order issue directing that (1) respondents pay $10,000 in damages to complainant, (2) respondents furnish proof of payment, (3) respondents notify all supervisory em-

ployees of the issuance of the order, and (4) respondents make available records to establish compliance with the order. Commissioner Rosa adopted the findings and issued her order to the same effect.

Since the Commissioner was the agency's General Counsel at the time the charges were investigated and set down for a hearing, she could not, having subsequently been named as Commissioner, act as an impartial arbiter in the same matter. Her "[dual] roles" present "an appearance of unfairness" *(Matter of General Motors Corp. v Rosa,* 82 NY2d 183, 188).

The fact that Commissioner Rosa was no longer General Counsel at the time of the hearing is of no moment under the circumstances. In *Matter of Beer Garden v New York State Liq. Auth.* (79 NY2d 266, 279), the Court of Appeals quoted with favor the language of *Trans World Airlines v Civil Aeronautics Bd.* (254 F2d 90, 91), holding " 'that one who participates in a case on behalf of any party, whether actively or merely formally' ", should take no part in the decision. The Commissioner was clearly attorney for the agency when the charges were formulated, investigated, and set down for a hearing after a determination of probable cause. Having "participated" in the case, she should not have sat in judgment in the same matter. Accordingly, we remand to the agency for further proceedings without her participation. Concur—Sullivan, J. P., Asch, Nardelli and Tom, JJ.