■ In the Matter of PEPSICO, INC., Respondent, v MARGA-

RITA ROSA, as Commissioner of New York State Division of Human Rights, et al., Appellants. [612 NYS2d 74] —In a proceeding pursuant to CPLR article 78 to prohibit the New York State Division of Human Rights from proceeding with an administrative hearing on the complaint of an employee of Pepsico, Inc., against Pepsico, Inc., the Commissioner of the New York State Division of Human Rights appeals from a judgment of the Supreme Court, Westchester County (Scarpino, J.), entered August 19, 1992, which granted the petition and dismissed the employee's complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the New York State Division of Human Rights for further proceedings consistent herewith, including a public hearing.

On February 28, 1984, an employee of Pepsico, Inc., filed a complaint with the New York State Division of Human Rights (hereinafter the Division), alleging that she had not been promoted in retaliation for previously filing another complaint with the Division. The Division's determination of probable cause was not issued until August 17, 1989, and a hearing was not scheduled until July 1991. After the hearing was rescheduled for September 1991, Pepsico, Inc., filed a motion with the Division to dismiss the employee's complaint. However, at the September hearing, the Administrative Law Judge informed Pepsico, Inc., that the Commissioner had not ruled on its motion and probably would not do so. Pepsico, Inc., was then granted an adjournment of the hearing to enable it to bring the instant proceeding. In its petition, Pepsico, Inc., claimed that the egregious and protracted delay by the Division in bringing the case to hearing was prejudicial as a matter of law and, accordingly, sought dismissal of the employee's complaint with prejudice. The Supreme Court granted the petition, concluding that because the Division had not proffered an adequate excuse for the delay, Pepsico, Inc., had been prejudiced as a matter of law. We reverse.

It is well-settled that absent a showing of substantial prejudice, the time limitations enunciated in Executive Law § 297 are directory, not mandatory (see, Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816; Matter of Cosmos Forms v State Div. of Human Rights, 150 AD2d 442, 443). Thus, in the absence of a showing of substantial prejudice, the Division's noncompliance therewith does not constitute an "erroneous exercise of authority" (Matter of Sarkisian Bros. v State Div. of Human Rights, supra, at 818). Here, although

the protracted delay in the resolution of this matter is deplorable, Pepsico, Inc., has wholly failed to demonstrate the sufferance of substantial prejudice therefrom. Indeed, the record evinces that Pepsico, Inc., bears the responsibility for approximately one and one-half years of the delay. Accordingly, notwithstanding the fact that the Division's delay is inexcusable, the Supreme Court erred in concluding that the length of the delay, by itself, prejudiced Pepsico, Inc., as a matter of law. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.