■ In the Matter of PEPSICO, INC., Doing Business as PEPSI-COLA BOTTLING GROUP, Petitioner, v MARGARITA ROSA, as Commissioner of the New York State Division of Human Rights, et al., Respondents. [624 NYS2d 622] —Proceeding pursuant to Executive Law § 298 to review a determination of the respondent Commissioner of the New York State Division of Human Rights, dated March 12, 1993, which, *inter alia,* found that the petitioner had unlawfully discriminated against the respondent Norman Ferrer and awarded him damages for back pay and mental anguish.

Adjudged that the petition is granted, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the determination of the respondent Commissioner of the New York State Division of Human Rights is annulled.

The New York State Division of Human Rights (hereinafter the DHR) commenced this matter on behalf of Norman Ferrer in December of 1982. At that time, Margarita Rosa was General Counsel for the DHR and she served as such until August 1988. Sometime thereafter, Rosa became the Commissioner of the DHR.

On March 12, 1993, Commissioner Rosa issued an order in this matter awarding Ferrer compensatory damages and damages for mental anguish.

The petitioner was denied its due process rights because Rosa appeared as counsel for the State Division of Human Rights in the early stages of the proceedings and issued the final determination in this matter (see, Matter of General Motors Corp. v Rosa, 82 NY2d 183; Corning Glass Works v Ovsanik, 199 AD2d 959, 960, affd 84 NY2d 619). The determination must be annulled.

Furthermore, although the complaint was filed in December of 1982, the public hearing in this matter did not commence until August 1989 and the Commissioner's determination was not issued until March 12, 1993. This delay was attributable to the DHR and no explanation for the delay was provided. "[A]n employer suffers prejudice when excessive delay in processing claims substantially increases the employer's liability for back pay" (Corning Glass Works v Ovsanik, supra, at 961; see also, Equal Empl. Opportunity Commn. v Dresser Indus., 668 F2d 1199, 1204, n 13). During this period of time, the petitioner lost access to two individuals who would have been called as witnesses and it also lost access to documentary evidence that would have been used in its defense. Because the petitioner has established that it suffered substantial prejudice due to this excessive delay, the petition is granted, the determination is annulled, and the complaint dismissed (see, Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818). Balletta, J. P., O'Brien, Santucci and Friedmann, JJ., concur.