■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [627 NYS2d 800] —Yesawich Jr., J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which, *inter alia*, found petitioners guilty of an unlawful discriminatory practice based on gender.

After a hearing—which, although it involved only three days of testimony, spanned five years—the Commissioner of Human Rights found, as recommended by the Administrative Law Judge (hereinafter ALJ), that petitioners unlawfully discriminated against the complainant on the basis of gender in connection with a 1983 promotional opportunity, and further discriminated against him in retaliation for having filed a complaint with respondent State Division of Human Rights. Ordered to pay $75,000 in compensatory damages for mental anguish and humiliation, petitioners commenced this proceeding to review the determination.

The Commissioner's determination must be annulled, as the Division candidly concedes, for she had previously participated in the matter as General Counsel of the Division (*see, Matter of*

*General Motors Corp. v Rosa*, 82 NY2d 183, 188-189). We are not persuaded, however, that dismissal is warranted—as petitioners urge—because of the time lapse between the filing of the complaint and the issuance of a final determination.

Regarding this argument, we are not persuaded that petitioners' ability to defend against the charges has been irremediably hindered as a result of the delay in that they have lost critical testimony (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 180, *cert denied* 476 US 1115; *compare, Matter of Sharma v Sobol*, 188 AD2d 833, 835); this claim is belied by the record which discloses that each of the hearing witnesses was able to testify to the relevant events with reasonable certainty (*see also, Matter of Harris & Assocs. v de-Leon*, 84 NY2d 698, 705). Nor does the replacement of the originally assigned ALJ in the course of the hearing, without more, establish "substantial actual prejudice" (*Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 624, *modfg* 199 AD2d 959, 960). There being no indication of " 'repetitive, purposeless and oppressive' " conduct (*supra*, at 625) on the part of the complainant or the Division, petitioners' interest in obtaining prompt resolution of the complaints lodged against them must, in this case, yield to the important public policy of "addressing and remedying * * * instance[s] of possible discrimination" (*supra*, at 625; *see, Matter of Cortlandt Nursing Home v Axelrod*, *supra*, at 178, 181-182).

Since this matter must be remitted to the Division for de novo review by an impartial arbiter and issuance of a new final order, which may or may not result in a finding of discrimination, consideration of the remainder of petitioners' arguments at this time would be premature (*see, Matter of General Motors Corp. v Rosa, supra*, at 190).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.