■ In the Matter of BROOME COUNTY DEPARTMENT OF PUBLIC TRANSPORTATION, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [632 NYS2d 266] —Casey, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on disability.

Respondent Syla C. Wilmarth-Casterline filed a complaint in September 1983 with respondent State Division of Human Rights (hereinafter the Division) which alleged discrimination in her employment as a bus driver with petitioner based upon her sex and upon a disability. Hearings on the complaint were begun in June 1988 and completed in January 1992. A determination on the complaint was finally rendered by the Division in November 1993. The Division found petitioner guilty of discrimination based upon the employee's disability. Petitioner thereafter timely commenced this proceeding to review the determination, and Supreme Court transferred the proceeding to this Court.

Petitioner's contention that the determination should be annulled due to the inordinate delay by the Division must be rejected. Inordinate delay, in and of itself, does not affect the Division's jurisdiction over the complaint (*see, Matter of Corn-*

*ing Glass Works v Ovsanik*, 84 NY2d 619, 623-625). But when the delay in the administrative process is "excessive", as it clearly is here, "courts should closely scrutinize the record for substantial prejudice to a party due to the delay" (*Matter of Harris & Assocs. v deLeon*, 84 NY2d 698, 705). Petitioner contends that it was substantially prejudiced by the delay because it was unable to find two former employees of the County of Broome who could have provided testimony relevant to the complaint. As the Division points out, petitioner was put on notice of the substance of the allegations of discrimination when it received the complaint and could have taken diligent steps to preserve relevant testimony, which undermines petitioner's claim of prejudice (*see, Matter of Harris & Assocs. v deLeon, supra*, at 705). Moreover, the report of one of the potential witnesses was admitted into evidence at the hearing, and two other employees, who had first-hand knowledge of the matter, testified at the hearing. We also note that the delay in this case did not substantially increase petitioner's liability for back pay. The record fails to demonstrate the necessary substantial prejudice due to the delay (*cf., Matter of Pepsico, Inc. v Rosa*, 213 AD2d 550).

We nevertheless agree with petitioner that the determination must be annulled and the matter remitted for a de novo hearing before an impartial arbiter. Respondent Commissioner of Human Rights' dual participation, as the Division's General Counsel during the early stages of the administrative proceeding and thereafter as the officer who issued the final determination in that proceeding, denied petitioner its due process rights, which require the participation of an independent, unbiased adjudicator in the resolution of disputes (*see, Matter of General Motors Corp. v Rosa*, 82 NY2d 183). To the extent that recent cases from this Court have found no due process violation where the Commissioner was no longer General Counsel of the Division when the administrative hearings were held (*see, e.g., Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 207 AD2d 587), those cases were effectively overruled by the holding in *Matter of Corning Glass Works v Ovsanik* (84 NY2d 619, 626, *supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent State Division of Human Rights for further proceedings not inconsistent with this Court's decision.