█ In the Matter of 935 NICHOLAS RENTING ASSOCIATES, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [636 NYS2d 293] —Determination of respondent State Division of Human Rights dated January 4, 1994, which, *inter alia*, awarded respondent Jefferson reinstatement to his prior job at the salary he would have earned had he not been terminated, back pay plus interest, and $25,000 for mental anguish and compensatory damages, unanimously confirmed, the petition denied, and the proceeding brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Harold Tompkins, J.], entered on or about July 11, 1994), is dismissed, without costs.

The time limitations set forth in Executive Law § 297 (2) (a) and (4) (a) are directory, not mandatory (*Matter of Pepsico Inc. v Rosa*, 204 AD2d 552). While there was some delay in processing respondent Jefferson's complaint, petitioner has failed to sufficiently demonstrate that it was prejudiced as a result thereof. Neither an increased exposure to back pay liability nor the inability to discharge a liability in bankruptcy hindered

petitioner from mounting a defense (*cf.*, *Corning Glass Works v Ovsanik*, 199 AD2d 959). Petitioner has failed to demonstrate its witnesses' unavailability to testify. Respondent Division's determination is supported by substantial evidence. Contentions that the administrative agency gave various evidence or testimony too much or too little weight are inadequate to warrant annulment of the determination by a reviewing court (*Matter of Silberfarb v Board of Coop. Educ. Servs.*, 60 NY2d 979; *Matter of New York City Bd. of Educ. v Batista*, 54 NY2d 379, 384-385). Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.