■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [656 NYS2d 78] —Yesawich Jr., J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which found petitioners guilty of an unlawful discriminatory practice based on gender.

In 1983 respondent Ralph Belgard, who was then employed at petitioner Auburn Correctional Facility in Cayuga County as a Senior Stores Clerk, was interviewed for the position of

Principal Clerk in the Head Clerk's office. In the course of the interview, which was conducted by Elaine Graves, the Head Clerk, and John Wong, a Deputy Superintendent, Belgard was asked if he knew that the position entailed working in an all-female environment and if he would be able to work for a woman. Belgard responded that this would not bother him and that he had worked with women before. Graves and Belgard both testified that Graves informed him, during the interview, that it would be "good to have a man in the area" because some of the work involved contact with the prison population. Belgard was later notified that he did not obtain the promotion; it was awarded to a woman, Estelle Peterman, upon Graves' and Wong's recommendation.

Belgard filed a union grievance protesting what he perceived to be unlawful discrimination, and thereafter filed several complaints with respondent State Division of Human Rights, charging petitioners with discriminating against him on the basis of his gender, and with harassing and further discriminating against him in retaliation for registering his initial complaint. After a hearing, petitioners were found to have engaged in unlawful discriminatory practices and ordered to pay $15,000 in compensatory damages.* Petitioners seek annulment of that decision, contending, inter alia, that the Commissioner's findings and conclusions are not supported by substantial evidence.

Petitioners' contentions have merit. Even assuming that Belgard established a prima facie case of discrimination, petitioners clearly met their burden of showing legitimate, nondiscriminatory reasons for denying him the promotion he sought (see, Matter of Miller Brewing Co. v State Div. of Human Rights, 66 NY2d 937, 939; Burlington Indus. v New York City Human Rights Commn., 82 AD2d 415, 417, affd 58 NY2d 983). To this end, Wong and Graves both testified that they were familiar with Peterman's work and found her to be the most desirable candidate for the position because of her demonstrated ability, attitude and initiative. The interviewers' explanations of their previous dealings with Peterman, and the grounds for their beliefs about her abilities, are entirely reasonable and convinc-

---

* The original decision, made by Commissioner of Human Rights Margarita Rosa, was annulled because of her earlier participation in the proceedings as General Counsel of the Division (see, Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights, 216 AD2d 658). We are now called upon to review the decision reached by the new Commissioner, upon remittal, which differs from the earlier determination primarily in the amount of damages awarded.

ing. Wong also indicated that he had been concerned about Belgard's attendance record, which left much to be desired.

In response to this showing, it was incumbent upon Belgard to prove, by a preponderance of the evidence, that the reasons proffered by petitioners for the questioned action were merely a pretext for discrimination (see, McDonnell Douglas Corp. v Green, 411 US 792, 804; cf., St. Mary's Honor Ctr. v Hicks, 509 US 502, 515). This he simply did not do. Although the Commissioner disbelieved one of Graves' purported reasons for rejecting Belgard—that she was disturbed by his "wandering the halls" during working hours—he did not expressly discredit the remainder of the reasons given. More importantly, there is no evidence in the record from which it could be concluded that those reasons (e.g., Peterman's demonstrated abilities, and Belgard's excessive absenteeism and tardiness) did not represent the true basis for the interviewers' decision to recommend Peterman for the position, or that the actual reason why Belgard was not selected was his gender (see, Matter of Pace Univ. v New York City Commn. on Human Rights, 85 NY2d 125, 129).

To be sure, discrimination is rarely practiced openly and is usually accomplished "by devious and subtle means" (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 183); nevertheless, a finding of unlawful discrimination must be based on some concrete evidence from which it can rationally be inferred that an improper motive contributed to the action in question. Here, nothing in the record warrants such an inference. Indeed, every indication is that Belgard's gender was viewed as a positive factor, enhancing his desirability as a candidate for the position; he was, if anything, rejected despite the fact that he is male, not because of it.

Nor did Belgard demonstrate that Abraham Taylor, then Deputy Superintendent of Administration at the facility, harassed or threatened him in retaliation for his having lodged a discrimination complaint. Although Taylor's conduct toward Belgard was ill-advised, and he apparently did not hesitate to make his unfavorable opinion of Belgard known to others at the facility, there was no evidence that this behavior was prompted by a retaliatory motive (see, Matter of Milonas v Rosa, 217 AD2d 825, 826, 828, lv denied 87 NY2d 806). To the contrary, Taylor, who was familiar with Belgard's abysmal time and attendance record, stated that he simply did not like Belgard, because of his belief that Belgard had abused his sick time and "manipulate[d] the system" to his advantage, and because of a remark Belgard had made that Taylor considered

an ethnic slur. Moreover, the other witnesses questioned on the matter explained that Taylor had a somewhat abrasive personality and was prone to contentious disagreements, which, according to Wong, "often came to a hollering match". Thus, there was no basis upon which to conclude that Taylor singled out Belgard for hostile treatment, or that the altercations of which the latter complained were in any way related to his filing of a complaint with the Division. Belgard's allegations that Taylor prevented him from obtaining other promotions were refuted by proof that Taylor did not have the authority to influence those decisions as Belgard believed.

Inasmuch as the record, when considered in its entirety, does not provide a proper evidentiary basis for the challenged determination, annulment is required (see, Matter of Milonas v Rosa, supra, at 829).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and complaint dismissed.