OPINION OF THE COURT
Memorandum.
The order appealed from should be reversed, with costs, and the order of the State Human Rights Appeal Board should be reinstated. It remains the law that "the time schedules speci *818 tied in section 297 (subd. 2; subd 4, pars, a, c) of the Executive Law for the performance of certain acts on the part of the Division of Human Rights are directory only. * * * The time limits are evidently for the benefit of complainants and others benefited and cannot be held to shelter those charged with violation of the statute. Absent some showing of substantial prejudice, noncompliance with such schedules does not operate to oust the division of the jurisdiction conferred on it by the Human Rights Law” (Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., 35 NY2d 371, 380-381). While the length of the delay in processing a complaint is certainly relevant to the determination whether a particular respondent has suffered substantial prejudice from that delay, the mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury to the respondent. The force of this principle has not been diluted by the recent modifications of the time periods provided in section 297 (see L 1977, ch 729). Nor is a different rule suggested by our recognition in Matter of Tessy Plastics Corp. v State Div. of Human Rights (47 NY2d 789, 791) that the. continuation of proceedings before the division after a delay creating substantial prejudice to a respondent would constitute at most an "erroneous exercise of authority” since such delay would not divest the division of jurisdiction.
Applying these principles to the instant matter, it is readily apparent that the Appellate Division erred in concluding that" the division’s delay serves as a bar to continuation of this proceeding. This is especially so in light of the reorganization undertaken by the State Human Rights Appeal Board during the pendency of this proceeding. In short, our examination of the record persuades us that here, unlike the unusual situation presented in Board of Educ. v State Div. of Human Rights (42 NY2d 862), there exists insufficient reason, as a matter of law, "to shelter those charged with violation of the statute” (Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., supra, p 381). We have also examined respondent’s other contentions, and find them to be unpersuasive.
As to appellant’s suggestion that section 298 of the Executive Law does not authorize a proceeding to challenge a purportedly nonfinal order of the appeal board, we reject that contention for the reasons stated in State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd. (48 NY2d 276).
*819 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order.reversed, etc.