■ In the Matter of JACKSON KRUSE, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court, pursuant to section 298 of the Executive Law, to review a determination of respondent State Human Rights Appeal Board which annulled an order of the State Division of Human Rights and dismissed petitioner's complaint in all respects. On April 4, 1978, petitioner filed with the State Division of Human Rights a complaint alleging that respondent Agway, Inc., had engaged in an unlawful discriminatory practice relating to employment based upon petitioner's age and disability. Four hundred twenty-one days later, on May 30, 1979, the State Division issued a determination and order after investigation wherein it concluded that there was no probable cause to believe that Agway engaged in or was engaging in the unlawful discriminatory practice charged by petitioner, and, accordingly, it ordered the dismissal of the complaint and the closing of the file. Petitioner thereupon appealed this determination to the State Human Rights Appeal Board, and on July 9, 1979, the board annulled the division's order and dismissed petitioner's complaint, pursuant to section 297-a (subd 7, par c) of the Executive Law, upon finding that the State Division had unreasonably exceeded the statutory time limit contained in subdivision 2 of section 297 of the Executive Law, wherein it is provided that the State Division shall make its probable cause determination within 180 days after the filing of a complaint. This proceeding ensued. We hold that the determinaion of the board should be annulled. In this instance, the board grounded its dismissal of the complaint upon the mere passage of time in excess of the statutory guidelines and without any showing that the delay resulted in actual injury to respondent Agway, Inc. Under these circumstances, petitioner should not be denied a determination by the board on the merits of his complaint, and, accordingly, this matter should be remitted to the board so that such a determination can be made (Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816). Determination annulled, without costs, and matter remitted to State Human Rights Appeal Board for further proceedings not inconsistent herewith. Kane, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.