■ In the Matter of GENERAL ELECTRIC CREDIT CORPORATION, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated March 12, 1981, which vacated the determination of the State Division of Human Rights dismissing the complaint and remanded the matter for further proceedings pursuant to the Human Rights Law. The New York State Human Rights Appeal Board (hereinafter Board) vacated the determination of the State Division of Human Rights (hereinafter Division) finding that there was enough evidence in the record to establish probable cause that complainant was discharged from her job because of her sex. We concur with this determination. The power of the Board to review a determination of the Division is set out in section 297-a of the State Human Rights Law. The Board may reverse any order of the Division when the order is not supported by substantial evidence on the record, or is arbitrary, capricious or characterized by abuse of discretion or a clearly unwarranted exercise of discretion. The evidence here consisted of complainant's sworn complaint alleging sexual harassment by petitioner's employee, R. W. Madresh, which was not controverted by Mr. Madresh. Included, also, is a letter of the employer, dated May 13, 1977, placing her on indefinite leave of absence which contains no facts justifying such action. The allegations that the employer announced on the same date to other employees that she would not be returning is also unrefuted. Finally, complainant's termination in light of her unblemished work record and after she lodged her complaint and retained private counsel all support the finding of the Board that the determination of the Division was not based on substantial evidence and was arbitrary and capricious and that a hearing on the merits should be accorded to complainant. Petitioner, as an additional ground,

seeks dismissal of the complaint for failure of the Division and the Board to follow the time limitations set forth in section 297 (subds 2, 4, par a) of the Human Rights Law to the prejudice of petitioner. Such time limits have been held to be directory rather than mandatory, are intended for the benefit of complainants and are not used to shelter those charged with violation of the law *(Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816). Determination confirmed and petition dismissed, with costs. Main, J.P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.