■ In the Matter of DAVID AXELROD et al., Appellants. TIRATH WALIA, Respondent. In the Matter of DAVID AXELROD et al., Appellants. MARY A. DENNIS, Respondent. In the Matter of MARY A. VILLAR, Respondent, v DAVID AXELROD et al., Appellants. In the Matter of CYNTHIA PETT et al., Respondents, v DAVID AXELROD et al., Appellants. In the Matter of ROBERT STELLEY, Respondent, v DAVID AXELROD et al., Appellants. — Judgment unanimously reversed, without costs, and petitions dismissed. Memorandum: In a consolidated CPLR article 78 proceeding, petitioners, four of whom are nurses at Downtown Nursing Home in Buffalo, seek to enjoin respondents from conducting a hearing on charges of patient neglect and also seek a direction that respondents expunge from their records any findings that petitioners were guilty of neglect. Special Term has granted this relief holding that respondents failed to afford petitioners an opportunity for a hearing "within [a] reasonable time" (State Administrative Procedure Act, § 301, subd 1) and that petitioners had suffered prejudice because their ability to present witnesses with clear recollections of the incident had been compromised by respondents' delay in providing them with copies of the investigative report of the incident and in holding the hearing. Respondents appeal and we reverse. ¶ The proceeding arises from an incident in which petitioner Dennis, a LPN, allegedly improperly administered a heat lamp treatment to a patient in a nursing home causing burns which led to the patient's death. On July 20, 1981, the incident was reported to the Department of Health which, on the following day, began its investigation (Public Health Law, § 2803-d, subds 3, 6, par [a]). On August 24, 1981, it completed the investigation and forwarded reports thereof, including interviews with 25 people, to the Commissioner who, after reviewing the reports, notified petitioners on January 18, 1982 of his determination that there was "sufficient credible evidence" (Public Health Law, § 2803-d, subd 6,

par [a]) to sustain the allegations. During the period from January 28, 1982 to April 5, 1982, the department received requests from petitioners that the findings be amended or expunged from the record, denied those requests, notified petitioners of their right to a hearing and received petitioners' hearing requests (Public Health Law, § 2803-d, subd 6, par [d]). On August 4, 1982, the Department notified petitioners of the hearing date of August 26, 1982. On August 16 it provided petitioners with redacted versions of the investigative report. Prior to the hearing, petitioners commenced this action. ¶ Special Term's order effectively depriving the Commissioner of jurisdiction to proceed is improper; even if there had been a showing of substantial prejudice due to delay in scheduling the hearing, the Commissioner would not have been ousted of jurisdiction. "In such circumstances, there would have been 'at most an "erroneous exercise of authority"' since such delay would not divest the [commissioner] of jurisdiction'" (*Matter of Geary v Commissioner of Motor Vehicles of State of N. Y.,* 59 NY2d 950, 952, quoting *Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). In any event, petitioners failed to make an adequate showing of substantial prejudice resulting from delay; "the mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (*Matter of Sarkisian Bros. v State Div. of Human Rights, supra,* p 818). Moreover, we do not find the delay under the circumstances to have been unreasonable. We note that although it appears from the record that petitioner Stelley, as president of the board of directors of the nursing home, received no notice of the charges against the home until the August 4, 1982 hearing notice, he raises no issues distinct from those raised by the other petitioners. (Appeal from judgment of Supreme Court, Erie County, Flaherty, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.