◼ STATE DIVISION OF HUMAN RIGHTS, on Complaint of JAMES A. HUDSON, Respondent-Petitioner, v GENERAL MOTORS CORPORATION, CHEVROLET-TONAWANDA DIVISION, Respondent-Petitioner. — Determination unanimously modified and petition granted, in accordance with memorandum, and, as modified, determination confirmed and otherwise petition and cross petition dismissed, with costs to Hudson. Memorandum: The determination of the State Division of Human Rights, that respondent discriminated against the complainant on the basis of age by passing him over for promotions on two occasions, is supported by substantial evidence. Since, however, the hearing officer did not put respondent on notice that the subsequent retaliation complaint was to be the subject of the hearing and the complainant's counsel specifically denied he was litigating the retaliation complaint, we delete the hearing officer's finding sustaining that complaint. The only penalty imposed by the Commissioner that can be attributed to the finding of retaliation is a portion of the $500 awarded to complainant for damages "for hurt, humiliation and anguish." This award was fully justified for the discrimination in promotion. To the extent that the Commissioner may have attributed part of this award to the finding of retaliation, it is de minimis. There is no need, therefore, to remit the matter for reconsideration.

Although the delay in the proceedings before the State Division of Human Rights was extended, there has been no substantial prejudice to the respondent warranting a dismissal of the complaints (Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816). Any prejudice caused by the delay was

ameliorated by the Commissioner's order, which suspended the award of back pay for the period between August 8, 1980 and April 18, 1983.

. The limitation upon the award of damages was proper since the Commissioner has wide discretion in formulating remedial relief. He can order " 'upgrading of employees, with or without back pay' " (*New York Inst. v State Div. of Human Rights,* 40 NY2d 316, 324); perforce, he may upgrade and grant partial back pay. (Proceedings pursuant to Executive Law, § 298.) Present — Boomer, J. P., Green, O'Donnell and Schnepp, JJ.