OPINION OF THE COURT
 

 Ciparick, J.
 

 The question presented on this appeal is whether an 8
 
 Vi-
 
 year delay by respondent State Division of Human Rights (DHR) in processing the complaint of discrimination against petitioner Corning Glass Works caused that party substantial prejudice warranting dismissal of the complaint. Although the delay was inordinate, petitioner has not shown that it was actually prejudiced thereby. Thus, the drastic remedy of dismissal was unwarranted.
 

 Complainant suffers from a hereditary neurological condition that causes involuntary tremors in his fingers, hands, and head. He was hired by petitioner on January 9, 1984, and terminated on February 27, 1984 while still on probationary status. On March 6, 1984, he filed a complaint of handicap discrimination with respondent DHR. Hearings were conducted before Administrative Law Judge (ALJ) Eric Glazer on March 11, 1987, October 13-14, 1987, May 4, 1988, and September 7-8, 1988. After ALJ Glazer’s resignation in 1990, the matter was referred to Acting Chief Administrative Law Judge Albert Kostelny.
 

 In August 1991
 
 (7Vi
 
 years from complaint and 4
 
 Vi
 
 years from start of hearing), ALJ Kostelny issued a decision based upon the hearing transcripts and papers. He recommended that petitioner be ordered to reinstate complainant as a probationary employee and that, upon completion of complainant’s probationary term, he be made a permanent employee with seniority and retirement credits retroactive to January 9, 1984, the original hiring date. Kostelny also recommended
 
 *623
 
 that petitioner be ordered to pay complainant eight weeks’ back pay, plus $5,000 in damages for mental anguish.
 

 An administrative appeal ensued and on April 8, 1992, Chief Administrative Law Judge Manuel Del Valle issued an Alternative Proposed Order recommending that complainant be immediately reinstated as a permanent employee and awarded full back pay from February 1984, plus $25,000 compensatory damages. In October 1992, DHR Commissioner Margarita Rosa adopted the recommendations in the alternative proposed order and issued the final determination.
 

 Petitioner commenced this proceeding pursuant to Executive Law § 298 to challenge DHR’s determination. The Appellate Division granted the petition and annulled the DHR determination. Relying on
 
 Matter of General Motors Corp. v Rosa
 
 (82 NY2d 183), the Appellate Division held that petitioner was denied due process when Commissioner Rosa, who had appeared as general counsel for DHR in the early stages of the proceeding, issued the final order. However, rather than remitting the matter for review by an impartial arbiter and issuance of a final order, as we did in
 
 General Motors (supra),
 
 the Appellate Division concluded that dismissal of the complaint was required in this case, because, in its view, "the unexplained delay of
 
 SVi
 
 years between the filing of the complaint and the Commissioner’s final determination * * * caused substantial prejudice to [petitioner]” (199 AD2d 959, 960). The Court determined that the long delay substantially prejudiced petitioner in two respects: it deprived petitioner of the ability to prove whether ALJ Glazer had agreed to make complainant’s application for Social Security disability benefits part of the record, and it significantly increased its liability for back pay.
 

 We granted complainant leave to appeal.
 

 We reject petitioner’s claim that the S^-year delay in this case was substantially prejudicial as a matter of law
 
 (see, Matter of Harris & Assocs. v deLeon,
 
 84 NY2d 698, 702 [decided today]). It is well settled that the time limits contained in Executive Law § 297
 
 *
 
 are directory only
 
 (see, Matter of Sarki
 
 
 *624
 

 sian Bros. v State Div. of Human Rights,
 
 48 NY2d 816, 818;
 
 Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,
 
 35 NY2d 371, 380-381). They exist for the benefit of complainants and should not be used to oust DHR of jurisdiction and shelter those charged with violating the statute unless there is a showing of substantial actual prejudice attributable to the delay
 
 (see, Matter of Harris & Assocs. v deLeon,
 
 at 703,
 
 supra; Sarkisian,
 
 48 NY2d, at 818,
 
 supra; Union Free School Dist.,
 
 35 NY2d, at 380-381,
 
 supra; see also, Matter of Cortlandt Nursing Home v Axelrod,
 
 66 NY2d 169, 177-178,
 
 cert denied
 
 476 US 1115). Thus, we must decide whether petitioner was actually prejudiced by the administrative agency’s delay such that dismissal of the complaint was warranted.
 

 In support of its claim of prejudice, petitioner argues that the long delay increased its liability for back pay and urges us to follow Federal case law holding that an employer suffers prejudice when inordinate delay in processing claims substantially increases back pay liability
 
 (see, e.g., Equal Empl. Opportunity Commn. v Dresser Indus.,
 
 668 F2d 1199, 1204, n 13;
 
 Equal Empl. Opportunity Commn. v Alioto Fish Co.,
 
 623 F2d 86, 89).
 

 We note that the Federal approach is inconsistent with prior statements of this Court. In
 
 Matter of Cortlandt Nursing Home v Axelrod (supra),
 
 we stated that "[w]here administrative delay has
 
 significantly and irreparably handicapped a private party in mounting a defense
 
 in an adversary administrative proceeding, the agency, or court reviewing a final administrative order, is authorized to dismiss the proceeding” (66 NY2d, at 180 [emphasis added]). Increased exposure for back pay liability does not implicate a party’s ability to defend. While the party’s purse is affected, its ability to mount a defense is not. What harm exists can be redressed without resorting to the drastic remedy of dismissing the complaint. An administrative agency awarding back pay, at an appropriate hearing or otherwise, can assess the nature and length of the delay, determine whether it is unreasonable, and adjust back pay accordingly. A reviewing court can similarly remit the matter to the agency with instructions to exclude so much
 
 *625
 
 of the award as is attributable to the agency’s unreasonable delay
 
 (see, e.g., State Div. of Human Rights [Hudson] v General Motors Corp.,
 
 107 AD2d 1081).
 

 Petitioner also claims that it was prejudiced by the delay in that it was deprived of the opportunity to prove whether complainant’s Social Security disability applications were intended to be part of the record. We note that the documents remain available and may be considered by DHR when an impartial arbiter reviews the record anew.
 

 In
 
 Cortlandt (supra),
 
 this Court was required to determine whether a 10-year delay by the Commissioner of Health in reaching a final Medicaid rate determination was "reasonable” within the meaning of the State Administrative Procedure Act. We set forth the following factors to consider in deciding whether an administrative delay is reasonable:
 

 "(1) the nature of the private interest allegedly compromised by the delay; (2) the actual prejudice to the private party; (3) the causal connection between the conduct of the parties and the delay; and (4) the underlying public policy advanced by governmental regulation”
 
 (id.,
 
 at 178).
 

 These factors, though developed in a different administrative context, provide the appropriate guidance in this case
 
 (see, Matter of Harris & Assocs. v deLeon,
 
 at 703-704,
 
 supra).
 

 The nature of the private interest allegedly compromised by the delay is petitioner’s asserted right to have the complaint against it resolved within a reasonable time. While this right is surely to be respected, we have observed that the time limits in this area are for the benefit of complainants "and cannot be held to shelter those charged with violation of the statute”
 
 (Sarkisian, supra,
 
 at 818).
 

 There is no indication that petitioner contributed to the administrative delay in any way, but neither is there any evidence of "repetitive, purposeless and oppressive” conduct on the part of DHR
 
 (see, Cortlandt,
 
 66 NY2d, at 181).
 

 Finally, the underlying public policy advanced by this administrative determination — addressing and remedying, retroactively and prospectively, an instance of possible discrimination on the basis of handicap — is important to the individual complainant and society in general. We conclude that, on this record, the important public policy is not outweighed by any particularized injury to petitioner.
 

 In sum, we conclude that petitioner has not demonstrated
 
 *626
 
 that it was actually prejudiced by agency delay and that the Appellate Division erred in dismissing the complaint on that ground.
 

 Nevertheless, Commissioner Rosa’s dual participation in these proceedings requires annulment of the determination and remission to DHR for de nova review of the record by an impartial arbiter and issuance of a final order pursuant to
 
 Matter of General Motors Corp. v Rosa
 
 (82 NY2d 183,
 
 supra).
 
 The new review may or may not result in a finding of discrimination against petitioner. In the event of a finding of discrimination, DHR may consider an appropriate remedy to compensate complainant in a fair and equitable manner, taking into account the unfortunate delays encountered in the final resolution of this matter.
 

 Finally, we reiterate that courts faced with excessive delays in the administrative context "should be careful to closely scrutinize the record for substantial prejudice to a party due to the delay”
 
 (Matter of Harris & Assocs. v deLeon,
 
 at 705,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be modified, without costs, and the case remitted to Supreme Court, Steuben County, with directions to remand to respondent State Division of Human Rights for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith and Levine concur with Judge Ciparick; Judges Titone and Bellacosa concur also for the reasons stated in Judge Bellacosa’s concurring opinion in
 
 Matter of Harris & Assocs. v deLeon
 
 (84 NY2d 698 [decided today]); Judge Simons taking no part.
 

 Order modified, etc.
 

 *
 

 Executive Law § 297 (2) (a) provides: "After the filing of any complaint, the division shall promptly serve a copy thereof upon the respondent and all persons it deems to be necessary parties, and make prompt investigation in connection therewith. Within one hundred eighty days after a complaint is filed, the division shall determine whether it has jurisdiction and, if so, whether there is probable cause to believe that the person named in the
 
 *624
 
 complaint, hereinafter referred to as the respondent, has engaged or is engaging in an unlawful discriminatory practice. If it finds with respect to any respondent that it lacks jurisdiction or that probable cause does not exist, the commissioner shall issue and cause to be served on the complainant an order dismissing such allegations of the said complaint as to such respondent.”