Bellacosa, J.
(concurring): While I join in Judge Levine’s opinion for the Court, I write separately to emphasize my concerns with the rule that judicially adds a "substantial prejudice” component to the resolution of delay aspects in this type case, apparently no matter the length of the official, administrative delay (see, e.g., Matter of Syquia v Board of Educ., 80 NY2d 531, 535; Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 180, cert denied 476 US 1115; Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 817). The state of the record and the governing law is such that there is no basis for the courts to reverse or substitute the pertinent administrative agency findings with respect to the determination of unlawful discrimination or the delay.
*707 This New York City case and its governmental twin at the State Division of Human Rights level (Matter of Coming Glass Works v Ovsanik, 84 NY2d 619 [decided today] [involving the application of the time schedules in Executive Law § 297]) merit prompt legislative attention. Prompt, efficient and fair adjudication of claims appears to have been lost in the precedents that characterize the timeliness feature as some merely "directory” technical rule. For all practical purposes, the word "prompt” in Administrative Code of the City of New York former § Bl-8.0 (2) has been drained of all functional meaning and the purport of its inclusion in the statute has been set aside as essentially irrelevant.
This is not prudent methodology in statutory interpretation since the Court’s responsibility includes providing meaning to all words in statutes (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 231). While I agree that the instant cases concern matters of "utmost importance”, other overarching jurisprudential values are at stake as well. The very enactment of the word "prompt” proclaims the legislative judgment that only claims that can be fairly and legitimately tested and resolved ought to fall within the administrative jurisdictional ambit. The fact that no Statute of Limitations as such has been legislated in these matters, should not mean that reasonable and fair repose to controversies should be foregone. That value and goal serves the best interests of parties and the common good of society for the proper administration of this executive agency adjudication segment of the justice system.
Apparently, by all indications, the magnitude of this problem and the number of such very troublesome cases are not rare. Our previous cases exposed the tip of the iceberg (see, Matter of Cortlandt Nursing Home v Axelrod, supra; Matter of Geary v Commissioner of Motor Vehicles, 59 NY2d 950, 952; Board of Educ. v State Div. of Human Rights, 42 NY2d 862). The instant cases show how much more deeply the problem lies. Indeed, the deplorable situation was forthrightly acknowledged on oral argument in each case, respectively by the New York City Assistant Corporation Counsel and the New York State Assistant Attorney-General (see also, Kilborn, Backlog of Cases Overwhelms Federal Jobs-Bias Commission, New York Times, Nov. 26, 1994, at 1). Both government lawyers acknowledged that the resources for their City and State agencies are "shrinking”, their jurisdiction and case loads are “growing, growing, growing” and the expanding delay prob *708 lems "will not get better” and "will happen again”. These frank utterances, stated in lawyerly euphemisms, demonstrate that the problem is systemic and growing worse.
Claimants and employers with legitimate claims or defenses and the common weal are ill served when the courts, even with limited administrative agency purview power, countenance this justice delayed-justice denied syndrome, especially in this special universe of cases and controversies. Considerations of fairness, prudence and social tranquility require that a time should come after which any entity charged with wrongdoing should not be subject to inquiry and punishment. One reason is that the adjudication system in such circumstances cannot reasonably assure that greater miscarriages of justice will not be generated. Actually and perceptually, the quality of justice and fragile respect for its administration suffers seriously when lengthy delays are tolerated. Without legislative reform, this fundamental goal of due process and fairness, as applied in these statutory procedural delay cases, is lost not only as to those accused of discriminatory conduct, but also as to claimants who suffer discrimination and the commitment to redress harms against them. In the present state of the law, everyone loses.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur with Judge Levine; Judge Bellacosa concurs in a separate opinion in which Judge Titone also concurs.
Order affirmed, with costs.