91 N.Y.2d 932 (1998)
693 N.E.2d 744
670 N.Y.S.2d 397
In the Matter of Diaz Chemical Corporation, Appellant,
v.
New York State Division of Human Rights et al., Respondents.
Court of Appeals of the State of New York.
Argued February 11, 1998.
Decided March 26, 1998.
Culley, Marks, Tanenbaum, Capell & Pezzulo, Rochester (Glenn E. Pezzulo and Heather A. Martin of counsel), for appellant.
Elaine A. Smith, Buffalo, and Lawrence Kunin, New York City, for respondents.
Chief Judge KAYE and Judges TITONE, SMITH, LEVINE, CIPARICK and WESLEY concur; Judge BELLACOSA concurs in result in an opinion.
*933 MEMORANDUM.
The judgment of the Appellate Division should be affirmed, with costs.
Appellant argues that the gender discrimination complaint against it under Executive Law § 296 should be dismissed because the State Division of Human Rights (SDHR) delayed 11 years before holding a hearing on the complaint, and then delayed its order for another three years. Ultimately, SDHR awarded complainant two years of back pay, and it also awarded damages for mental anguish that were subsequently reduced by the Appellate Division.
This Court has previously rejected the argument that a long administrative agency delay in deciding a discrimination claim is per se prejudicial, and thus requires dismissal (Matter of Corning Glass Works v Ovsanik, 84 N.Y.2d 619, 623-624 [State agency]; Matter of Harris & Assocs. v deLeon, 84 N.Y.2d 698, 702 [New York City agency]). As those cases make clear, although the length of a delay is an important criterion in the analysis, the party protesting the delay must show substantial actual prejudice.
A "close scrutiny" of the record, as required here (Matter of Corning Glass Works v Ovsanik, supra, 84 NY2d, at 626), reveals no substantial actual prejudice. Appellant points to no specific evidence that was lost, and it does not claim that necessary witnesses were unavailable. Appellant's two witnesses who testified at the hearing were able to describe both the events surrounding complainant's termination and how male employees with short-term disabilities were treated. This testimony came without difficulties owing to memory loss regarding the issues upon which SDHR based its finding of discrimination (see, Matter of Harris & Assocs. v deLeon, supra, 84 NY2d, at 704-705 [ultimate finding of discrimination not based on topics upon which memories had dimmed]).
Despite SDHR's assertion that it is making substantial efforts to reduce its backlog of cases, we reiterate our serious concern about the negative systemic effects of the agency's protracted delays. The interests of the parties and the larger societal interest in proper administration of the executive agency segment of the justice system require more than mere representations.
*934 Appellant's remaining claims are without merit.
BELLACOSA, J. (concurring in result, under constraint).
This Court's dispositional memorandum rightly decries, once again, the persistently inordinate delays in the State Division of Human Rights' discharge of its duties to investigate and resolve discrimination claims. The combined 14-year gap in this case from complaint to decision presents only the most extreme fact pattern, thus far brought to this Court's attention and docket.
On this appeal, the Division briefed and made oral representations of wistful improvements of this systemic problem affecting countless cases on its docket. Its well-intentioned but embarrassing yearnings continue to resound entirely hollow, however, against the thump of the empirical facts and trend lines. They are worsening, as this very case dramatically demonstrates, so the assurances lack any track record on which to peg reliability.
Nevertheless, with the utmost reluctance, I find no alternative but to concur in the result, only because of precedential stare decisis constraints (see, Matter of Harris & Assocs. v deLeon, 84 N.Y.2d 698, 706 [Bellacosa, J., concurring], and cases cited therein). I add these several paragraphs to the resolution of this latest appeal so as to provide heightened attention to the misapprehension or indifference of the other Branches of government to the extreme gravity of this administrative agency breakdown. Those Branches share a major responsibility to help remedy these unconscionable delays by providing fiscal resources, and procedural and policy guidance, sufficient for the Division to start doing the job it has been given by statute. It should not be overlooked that these inordinate delays are truly harming people, their rights, and the administrative adjudicatory process.
Finally, I wish to point out that there are different connotations of "prejudice." There is the kind particularized and applied by this Court's precedents in this type case (see, Matter of Corning Glass v Ovsanik, 84 N.Y.2d 619, and cases cited therein). That prejudice is aptly described in the dispositional memorandum of this very case. Then, there is another general variety of "prejudice"  an intrinsic type that profoundly damages the reputation of and confidence in the adjudicatory process itself, and seemingly intangibly harms all the affected parties, along the long, tardy path. This case, most regrettably, suffers from that pervasive form of prejudice for which, in these circumstances and from this Judicial Branch of government, there *935 is presently no efficacious remedy. Unless the Legislature takes prompt, effective and remedial action, nothing will change. Then again, even within the doctrine of stare decisis, some modification of the precedential constraint may become imperative because the flagrant delays may persist, worsen and ultimately become jurisprudentially intolerable (see, People v Bing, 76 N.Y.2d 331, 342-348; see also, People v Damiano, 87 N.Y.2d 477, 504-506 [Bellacosa, J., dissenting]).
Judgment affirmed, with costs, in a memorandum.