Bellacosa, J.
(concurring in result, under constraint). This Court’s dispositional memorandum rightly decries, once again, the persistently inordinate delays in the State Division of Human Rights’ discharge of its duties to investigate and resolve discrimination claims. The combined 14-year gap in this case from complaint to decision presents only the most extreme fact pattern, thus far brought to this Court’s attention and docket.
■ On this appeal, the Division briefed and made oral representations of wistful improvements of this systemic problem affecting countless cases on its docket. Its well-intentioned but embarrassing yearnings continue to resound entirely hollow, however, against the thump of the empirical facts and trend lines. They are worsening, as this very case dramatically demonstrates, so the assurances lack any track record on which to peg reliability.
Nevertheless, with the utmost reluctance, I find no alternative but to concur in the result, only because of precedential stare decisis constraints (see, Matter of Harris & Assocs. v deLeon, 84 NY2d 698, 706 [Bellacosa, J., concurring], and cases cited therein). I add these several paragraphs to the resolution of this latest appeal so as to provide heightened attention to the misapprehension or indifference of the other Branches of government to the extreme gravity of this administrative agency breakdown. Those Branches share a major responsibility to help remedy these unconscionable delays by providing fiscal resources, and procedural and policy guidance, sufficient for the Division to start doing the job it has been given by statute. It should not be overlooked that these inordinate delays are truly harming people, their rights, and the administrative adjudicatory process.
Finally, I wish to point out that there are different connotations of “prejudice.” There is the kind particularized and applied by this Court’s precedents in this type case (see, Matter of Corning Glass v Ovsanik, 84 NY2d 619, and cases cited therein). That prejudice is aptly described in the dispositional memorandum of this very case. Then, there is another general variety of “prejudice” — an intrinsic type that profoundly damages the reputation of and confidence in the adjudicatory process itself, and seemingly intangibly harms all the affected parties, along the long, tardy path. This case, most regrettably, suffers from that pervasive form of prejudice for which, in these circumstances and from this Judicial Branch of government, there *935 is presently no efficacious remedy. Unless the Legislature takes prompt, effective and remedial action, nothing will change. Then again, even within the doctrine of stare decisis, some modification of the precedential constraint may become imperative because the flagrant delays may persist, worsen and ultimately become jurisprudentially intolerable (see, People v Bing, 76 NY2d 331, 342-348; see also, People v Damiano, 87 NY2d 477, 504-506 [Bellacosa, J., dissenting]).
Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur; Judge Bellacosa concurs in result in an opinion.
Judgment affirmed, with costs, in a memorandum.