■ In the Matter of BUFFALO ATHLETIC CLUB, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [672 NYS2d 210] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights, which found that petitioner unlawfully discriminated against complainant based on race and awarded complainant damages of $1,340 for loss of employment opportunity and $20,000 for mental anguish.

The determination that petitioner racially discriminated against complainant is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181-182). Having failed to prove that it sustained "substantial actual prejudice", petitioner is not entitled to a dismissal of the complaint on the ground of excessive administrative delay (Matter of Diaz Chem. Corp. v New York State Div. of Human Rights, 91 NY2d 932, 933; see, Matter of Corning Glass Works v Ovsanik, 84 NY2d 619, 624). We note, however, our "serious concern about the negative systemic effects of the agency's protracted delays" (Matter of Diaz Chem. Corp. v New York State Div. of Human Rights, supra, at 933).

The award of damages for mental anguish is excessive. Complainant testified that, as a result of petitioner's discriminatory conduct in the handling of her application for employment, she "felt hurt" and was generally irritable, remained in bed and suffered from headaches and stomach distress for which she took Tylenol and Alka Seltzer. She testified that her fear of rejection made her postpone job-seeking activities for two months. She did not seek medical treatment. An award of $10,000 is more consistent with awards "for comparable injuries and proof of mental anguish made in similar cases" (Matter of City of Fulton v New York State Div. of Human Rights, 221 AD2d 971, 972; see also, Matter of Marcellus Volunteer Fire Dept. v Stock, 155 AD2d 982). Thus, we modify the determination by reducing the award of damages for mental anguish to $10,000. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Whelan, J.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Fallon, JJ.