[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is an administrative appeal from a decision of the Connecticut Medical Examining Board ("Board") sanctioning the plaintiff, a medical doctor, for failing to meet the standard of care required of physicians in Connecticut with respect to his treatment of a patient in 1990.
The appeal is brought pursuant to the Uniform Administrative Procedure Act ("UAPA") §§ 4-166 et seq. and 4-183. The plaintiff is aggrieved by the decision which places him on probation, requiring him to have his medical charts audited for one year and to take a medical education course.
The treatment at issue relates to a single patient treated by the plaintiff between July and November of 1990. The patient died shortly after such period, and the plaintiff was apparently sued by her estate. As required by statute, the plaintiff's medical malpractice insurer notified the Public Health Hearing Office of the Department of Health of the settlement of the malpractice claim on September 13, 1993. A Health Department investigator was as, signed to investigate this incident on November 17, 1993. The plaintiff was not notified of the investigation until July 26, 1994, at which time, the Health Department requested the patient's records. The plaintiff provided such records on August 11, 1994.
The Health Department initiated charges against the plaintiff on December 6, 1996 approximately 28 months after notice to the plaintiff and 39 months after notice to the Department of the malpractice settlement.
In ex parte proceedings before the Board, the Health Department on February 13, 1997 filed a motion to withdraw the charges against the plaintiff. The Board on February 18, 1997, without notice to the plaintiff, considered and rejected the motion to withdraw. CT Page 1402
On May 30, 1997, the plaintiff filed a motion to dismiss with the Board for the Health Department's failure to comply with the 18 month investigatory time period set forth in General Statutes § 20-13e. The Board denied the motion on June 3, 1997, at which time, it held a hearing on the statement of charges.
The hearing panel issued a proposed decision on January 26, 1998. The plaintiff on March 4, 1998 filed with the Board a request for declaratory ruling that the time period for investigations under General Statutes § 20-13e(a) was mandatory. This request was denied by the Board in March of 1998.
Pursuant to the UAPA, General Statutes § 4-179, the Board heard oral argument on the proposed decision on June 16, 1998. The Board issued its written final decision on July 28, 1998.
This appeal was timely filed on August 25, 1998. The record was filed on September 18, 1998. Briefs were filed by the plaintiff on November 5, 1998 and by the defendants on December 7, 1998. The parties were heard in oral agreement on December 15, 1998.
In his brief, the plaintiff raises the following three issues: (1) a jurisdictional claim related to the failure to complete the investigation within an eighteen month period; (2) a due process claim arising from the delay between the treatment in 1990 and hearing in 1997; and (3) a due process claim for failure to provide notice and an opportunity to be heard on the department's motion to withdraw statement of charges.
The court finds that General Statutes § 20-13(e) does not deprive the Board of jurisdiction when an investigation exceeds eighteen months. Under the circumstances of this case, however, the plaintiff's constitutional rights to due process of law were violated by the delays of four years before the filing of charges and seven years before the hearing.
"The standard of review of an agency decision is well established. Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . An agency's factual and discretionary determinations are to be accorded considerable weight by the court. . . . Cases thatpresent pure questions of law, however, invoke a broader standardCT Page 1403of review than is ordinarily involved in deciding whether, inlight of the evidence, the agency has acted unreasonably,arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . It is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Brackets omitted; citations omitted; emphasis in original; internal quotation marks omitted.) Assn. of Not-for-Profit Providers for the Aging v. Dept. ofSocial Services. 244 Conn. 378, 389
(1998).
"In matters of statutory interpretation, we are guided by well established principles, paramount among which is the principle that our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Assn. of Not-for-Profit Providers forthe Aging v. Dept. of Social Services, supra, 244 Conn. 391; see also State v. Spears, 234 Conn. 78, 86-87, cert denied,516 U.S. 1009, 116 S.Ct. 565, 133 L.Ed.2d 490 (1995).
The words of the statute[1] do not address the jurisdiction of the Board in connection with the eighteen month investigatory period for the Department of Public Health.
The plaintiff relies on the statute's use of the term "shall" as to when the Department must conclude its investigation. The term "shall" though typically is associated with mandatory actions, may also be used as a directory instruction. GreatCountry Bank v. Pastore, 241 Conn. 423, 431 (1997). If the term is designed to promote orders, system and dispatch in proceedings, the provision is directory. Crest Pontiac Cadillac,Inc. v. Hadley, 239 Conn. 437, 446 (1996).
In an analogous case, Doe v. Statewide Grievance Committee,240 Conn. 671 (1997), the Connecticut Supreme Court dealt with the jurisdiction of the Statewide Grievance Committee to decide a grievance complaint which had not been resolved within a CT Page 1404 statutory four month period.[2] The court held that the jurisdiction of the committee was not impaired by a delay beyond the statutory period. Doe v. Statewide Grievance Committee, supra, does reference the unique obligation of the committee to review lawyer's conduct, but is consistent with precedent "that statutes are to be read as favoring subject matter jurisdiction, absent a clear indication of legislative intent to limit it. . . ." (Citations omitted.) Id., 684; see also Ambroise v. WilliamRaveis Real Estate Inc., 226 Conn. 757, 765 (1993).
The plaintiff relies on Angelsea Productions. Inc. v.Commission on Human Rights Opportunities, 236 Conn. 681 (1996). However, that case recognized that the use of shall alone does not establish a mandatory duty; Id., 690; and was based on an express statutory penalty for noncompliance, coupled with legislative history demonstrating the intent that the limitation was mandatory.
The legislative history of General Statutes § 51-90(g)(b) to the extent that it considers the investigation period, does so primarily with respect to the confidentiality issue of pending complaints.
The concern with an interim period of confidentiality during the eighteen month period is reflective of existing polices with respect to the Freedom of Information Act ("FOIA"). The overreaching legislative policy of FOIA is "the open conduct of government and free public access to government records." Wilsonv. Freedom of Information Commission, 181 Conn. 324, 328 (1980); see also Maher v. Freedom of Information Commission,192 Conn. 310, 315 (1984); Chairman v. Freedom of Information Commission,217 Conn. 193, 196 (1991). "The general rule under the Freedom of Information Act is disclosure with the exceptions to this rule being narrowly construed." (Brackets omitted.) Perkins v. Freedomof Information Commission, 228 Conn. 158, 167 (1993);Superintendent of Police v. Freedom of Information Commission,222 Conn. 621, 626 (1992).
The language of General Statutes § 20-13(e)(a) is expressive of and consistent with the creation of a time limited exception for complaints of medical negligence. The eighteen month period for investigations is not jurisdictional.
The plaintiff's license to practice medicine is a property right protected by both the fourteenth amendment, § 1, to the CT Page 1405 United States constitution and the constitution of Connecticut, article first, § 8. Bell v. Burson, 402 U.S. 535, 539 (1971);Pet v. Department of Health Services, 228 Conn. 651, 682 (1994). The plaintiff argues that his constitutional right to due process of law was denied by the untimeliness of the process.
The patient was seen by the plaintiff between July and November 1990. The Department became aware of the settlement of a malpractice complaint related to such treatment in September of 1993. The plaintiff was notified of the investigation on July 26, 1994. On August 11, 1994, the plaintiff shared his records of treatment with the Department. A statement of charges against the plaintiff were not filed until December 6, 1996. The Department characterized the charges as "a single instance of alleged misconduct that occurred seven years ago", while seeking to withdraw such charges. (Return of Record, Volume II, Motion to Withdraw Statement of Charges dated February 13, 1997, p. 78.)
A hearing was not held by the Board until June 3, 1997 and a proposed decision was not issued until January 26, 1998. The final decision was not issued until July 28, 1998.
The plaintiff's nurses who observed the patient in 1990 were unavailable at the time of hearing in 1997.
The due process requirement of a hearing encompasses the right to a hearing "at a meaningful time." Armstrong v. Manzo,380 U.S. 545, 552 (1965). In a license revocation proceeding, the failure to provide either a pre-suspension or prompt post suspension hearing has been found to violate due process requirements. Berry v. Barchi, 443 U.S. 55, 67 (1979); see alsoCleveland Board of Education v. Loudermill, 470 U.S. 532 (1985) (wherein a pre-suspension hearing was mandated under a due process analysis.)
The state and federal constitutions require speedy trials in criminal prosecution. See U.S. Const., amend. VI; Conn. Const., art. I, § 8. The speedy trial issue is distinguishable in that it is a specific separate constitutional and statutory right, § 52-82m, and it involves issues of pretrial incarceration as well as the unique anxiety of pending criminal charges. State v. Wall, 40 Conn. App. 643, cert denied,237 Conn. 924 (1996). Nonetheless, these cases are instructive in that they involve courts balancing the impact of a delay on constitutional rights and the administration of justice. In the civil licensing CT Page 1406 context, we are balancing the plaintiff's right to a meaningful hearing at a reasonable time with the state's interest in protecting the public from medical malpractice.
In assessing speedy trial claims, courts consider four factors: length of delay; reason for delay; defendant's assertion of his right; and prejudice to the defendants. "(N)one of these factors standing alone would demand a set disposition; rather it is the total mix which determines whether the defendant's right was violated." State v. Nims, 180 Conn. 589, 591-92 (1980); see also Barker v. Wingo, 407 U.S. 514, 530 (1972); State v. Wall, supra, 40 Conn. App. 651; State v. Lloyd, 185 Conn. 199, 208
(1981).
This court in Baer v. Connecticut Board of Examiners inPodiatry, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 562727 (January 6, 1998, McWeeny, J.), found a due process violation in license revocation where over ten years lapsed between the treatment and hearing date. The instant case, though not as egregious, also involves a process that is constitutionally unfair.
In this case, the delay between treatment and notice of investigation is 44 months (11-90 to 7-94). Charges were not filed until over six years had passed. The hearing occurred after 6 1/2 years from the treatment and a final decision was not issued until over 7 1/2 years had elapsed. The plaintiff prior to the hearing objected to the timeliness of the proceedings. The delay was not the fault of the plaintiff. He provided his records within a month of their request, yet 28 months went by before charges were filed.
The plaintiff also suffered prejudice from the delay. The nurses who witnessed aspects of the treatment became unavailable. The plaintiff's recollection would naturally have suffered and the Board was faced with applying the 1990 standard of care in a 1997 hearing.
The length of delay, the plaintiff's diligence, the plaintiff's assertion of his timeliness claims and prejudice caused by the delay, resulted in a deprivation of the constitutionality mandated due process of law under both the federal and state constitutions. In reaching this conclusion, the court considers that the charges under the Department's characterization amounted to a single incident of alleged CT Page 1407 misconduct that occurred seven years ago.
In addition to violating the plaintiff's due process of law rights, the proceedings in their delay violated his right to fair administrative proceedings. See Grimes v. ConservationCommission, 243 Conn. 266, 273-74 (1997).
The court finds for the plaintiff on the claim that his due process rights where violated when he was not notified and/or given an opportunity to be heard on the Department's motion to withdraw the statement of charges.
The plaintiff's appeal is sustained. The Board's decision vacated along with any sanctions it entered against the plaintiff. The Board is directed to dismiss the complaint regarding the 1990 treatment.
___________________________ Robert F. McWeeny, J.