[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is an administrative appeal from a final decision of the defendant, Connecticut Medical Examining Board ("the board"), sanctioning the plaintiff, a medical doctor, for failing to meet the standard of care required of physicians in Connecticut with respect to the care and treatment of a patient in March of 1992. This appeal is brought pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq. and 4-183. The plaintiff is aggrieved by the decision of the board, requiring him to pay a civil penalty in the amount of $8,000 and all costs associated with satisfaction of the board's order.
At the outset, the court notes the "standard of review for all of the plaintiff's claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's. [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.)Bezzini v. Dept. of Social Services, 49 Conn. App. 432, 436 (1998). CT Page 15809
A chronology of the significant dates relating to this case is set forth as follows:
Death of patient L.L. March of 1992
 Department of Public Health February 25, 1998 ("the department") notified that Connecticut Medical Insurance Company made payment on behalf of the plaintiff in civil suit.
 Notice to the plaintiff that the Department March 20, 1998 was aware of settlement and the Department's request for records from the plaintiff.
 Records sent by the plaintiff to April 1, 1998 Department.
 Compliance conference September 9, 1998 scheduled by Department.
 Rescheduled compliance conference October 26, 1998 at request of the plaintiff.
 Statement of charges brought December 30, 1998 against the plaintiff.
Notice of hearing sent to the plaintiff. March 3, 1999
 Administrative hearing held July 8, Sept. 9, 1999, by the panel. April 25, 2000
 Memorandum of Decision dated November 22, 2000 11-21-00, sent to the plaintiff
On February 25, 1998, the department received notice that the plaintiff's insurance carrier had made a payment on behalf of the plaintiff in settlement of a malpractice claim arising out of the death of his patient, L.L., in March of 1992. Pursuant to General Statutes §19a-17a, the insurance carrier was required to report the payment to the department. That statute further mandated the department to conduct a review of malpractice awards and settlements to determine whether further investigation or disciplinary action concerning the provider was warranted.
On March 20, 1998, less than one month after receiving notice of the CT Page 15810 settlement, the department requested the plaintiff to produce certain records in order to investigate the matter that was the subject of the malpractice action. In August of 1998, a compliance conference was scheduled by the department for September 9, 1998. The conference was rescheduled to October 26, 1998 at the plaintiff's request. On March 3, 1999, the department served the plaintiff with a statement of charges and a notice of hearing.
The plaintiff filed a motion to dismiss dated April 16, 1999, claiming that his right to due process was violated due to a delay in the initiation of the department's investigation and the issuance of the notice of hearing and statement of charges. (Return of Record ("ROR"), Volume 1, pp. 382-96.) Essentially, the plaintiff claims that the delay between the treatment rendered to his patient on March 18, 1992 and March 19, 1992, and the administrative hearing commenced on July 8, 1999 was a due process violation. (Plaintiff's Brief in Support of Administrative Appeal, pp. 2-3.) The plaintiff also claims that a delay of seventy-two months transpired between his alleged misconduct and the Department's institution of an investigation on March 30, 1998. (Plaintiff's Brief in Support of Administrative Appeal, pp. 5-6.)
General Statutes § 19a-17a requires the entity making payment for a medical malpractice award or entering a settlement of a malpractice claim to notify the department of the terms of the award or of the settlement. The statute then requires the department to review the award or settlement to determine whether further investigation or disciplinary action is warranted. The department cannot determine whether to investigate until it has received notice of the settlement or judgment, which in the present case was almost six years after the decedent's death. The notice of a settlement or judgment is a condition precedent to the department's investigation. Considering that the decedent's estate had at most a two-year statute of limitation to institute a civil action and considering the length of time required to resolve these types of claims in our courts, six years is not an inordinate delay. Once the department received notice of the settlement from the carrier the matter was disposed of by final decision and notice to the plaintiff in thirty-two months. During this period a proposed final decision was sent to the plaintiff and he was provided an opportunity to except and request oral argument.
The department initiated charges against the plaintiff on March 3, 1999, approximately twelve months after the plaintiff's medical records were requested and eleven months after notice to the department of the malpractice settlement. The department served a notice of hearing to be held on June 6, 1999 and attached a statement of charges dated December 30, 1998, requesting the Board to initiate disciplinary action against CT Page 15811 the plaintiff. The statement of charges alleged that the plaintiff was incompetent and/or negligent in the care of his patient in March of 1992. On April 16, 1999, the plaintiff filed a motion to dismiss the statement of charges and this motion was denied on July 1, 1999. A hearing panel conducted an administrative hearing on July 8, 1999, September, 9, 1999 and April 25, 2000. On November 21, 2000, the board adopted the hearing panel's memorandum of decision, which was mailed to the plaintiff's attorney on December 1, 2000.
In the present appeal, the plaintiff raises as the sole issue that his right to due process as guaranteed by the constitution of Connecticut article first, § 8, and the fourteenth amendment to the United States constitution was violated by the extreme delay between the treatment rendered to his patient and the hearing date. The plaintiff argues that the right to due process is violated in any case where there is an excessive delay in the hearing process because the plaintiff's ability to defend himself is diminished due to the passing of time, fading of memories, and changes in medical practices. The plaintiff relies on two superior court decisions, Koff v. Connecticut Medical Examining Board,
Superior Court, judicial district of New Britain, Docket No. 492722 (February 9, 1999, McWeeny J.) (24 Conn. L. Rptr. 88) and Baer v. Board ofExaminers in Podiatry, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 562722 (January 6, 1998, McWeeny, J.)
(21 Conn. L. Rptr. 165).
However, neither Koff nor Baer stand for the proposition that the right to due process is automatically violated by a substantial delay in agency procedure. In those cases, the trial court found that the plaintiffs had shown actual prejudiced by the delay. In Koff, the doctor demonstrated that he was prejudiced by the delay because the nurses, who witnessed aspects of the treatment, were not available to testify at the hearing. In Baer, there was evidence that the doctor was prejudiced by the delay because the doctor disposed of his medical records three years after the treatment occurred in accordance with the department's regulations, thereby preventing the doctor's expert witness from rendering an opinion due to the absence of x-rays.
Unlike the court's decisions in Koff and Baer, the plaintiff has not offered any argument or evidence as to how he was prejudiced by the delay in the agency proceeding. (Transcript of Hearing Held on July 20, 2001, pp. 4-5, 6.) Furthermore, the plaintiff, in the motion to dismiss filed with the board, made no claim of any prejudice as a result of his claim of untimely delay. (Transcript of Hearing Held on July 20, 2001, p. 6.) Even if the court found there was an excessive delay in the administrative agency procedure, this in and of itself does not render the delay per se prejudicial requiring the court to dismiss the case, CT Page 15812 absent a showing of substantial prejudice to the plaintiff due to the delay. See Pet v. Department of Public Health, 228 Conn. 651 (1994);Ashour v. Connecticut Liquor Control, Superior Court, judicial district of New Britain, Docket No. 492609 (February 26, 1999, McWeeny, J.);Towbin v. Board of Examiners of Psychiatrists, Superior Court, judicial district of New Britain, Docket No. 492718 (May 25, 2000, Satter,J.T.R.); Finkeldey v. Shifrin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 575293 (June 12, 1998,McWeeny, J.); Corning Glass Works v. Ovsanik, 644 N.E.2d 1327 (NY 1994).
The legislature enacted General Statutes § 20-13c(4) to protect its citizens from incompetent or negligent conduct and did not impose any statute of limitation on the department and board to accomplish its intention. It is significant that before the department could review awards or settlement of malpractice claims, before any further investigation or disciplinary action is warranted, the department must first be notified of a settlement or judgment. This court can consider that the resolution of these claims in our court's frequently require a lengthy period of time. The legislature would certainly have been aware of the time constraints from the date of the incompetent and/or negligent conduct and the ultimate disposition in the courts. Thus, to attach a statute of limitation would result in an empty and unproductive statute. What the plaintiff seeks would constitute an impermissible encroachment on the powers of the legislature. The courts should not impose time requirements that the legislature has purposely deemed to omit unless the plaintiff can show specific prejudice. Statute of limitations are products of legislature authority and the court must carefully abstain from any attempt to establish such limitations.
Accordingly, the plaintiff's appeal is hereby dismissed.
Owens, J.