■ In the Matter of SUTTON HOUSE ASSOCIATED, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [741 NYS2d 521] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered September 10, 2001, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination reducing rent for failure to maintain doorman service in the building's lower lobby, and dismissed the petition, unanimously affirmed, without costs.

Respondent's finding that "the lower lobby had previously been attended 16 hours per day, but now had been attended less frequently, although the employees may still have been hired for the same amount of hours" is based largely on the credibility of tenant witnesses who testified at a hearing, and, as such, should not be disturbed. Similarly, we decline to disturb the finding that such reduction in service is not de minimis, which was based on the finding that there had been no doormen at the lower lobby 60 to 75% of the time, resulting in inconvenience and lack of security, and on DHCR's expertise in assessing the adverse impact of building-wide service reductions (see, *Matter of Missionary Sisters of Sacred Heart v Division of Hous. & Community Renewal*, 288 AD2d 16). The penalty of reducing the rent to the level that was in effect prior to March 1, 1994, i.e., prior to the most recent guideline

increase that commenced before the first of the month after the owner was served with the tenants' administrative complaint, does not shock our sense of fairness (*see, Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518), and should not be disturbed absent a showing that the delay in processing the tenants' complaint was unreasonable (*see, Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 624-625). We have considered petitioner's other arguments and find them unavailing. Concur—Williams, P.J., Nardelli, Saxe, Rosenberger and Marlow, JJ.