In the Matter of RITE AID OF NEW YORK, INC., Petitioner-Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent-Petitioner, and NANCY L. FIX, Respondent. [875 NYS2d 708]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie

County [Rose H. Sconiers, J.], entered September 26, 2007), to annul a determination of the Commissioner of respondent-petitioner New York State Division of Human Rights. The determination found that petitioner-respondent had discriminated against respondent and had constructively discharged her from employment.

It is hereby ordered that the determination is modified on the law and the petition is granted in part by annulling that part of the determination finding that respondent was constructively discharged and vacating the award of damages for back pay based on that finding, by reducing the award of compensatory damages for mental anguish and humiliation to $5,000, and by vacating the date predetermination interest is to commence on the award of damages for back pay based on comparable work, and as modified the determination is confirmed without costs, the cross petition is granted in part and petitioner-respondent is directed to pay respondent the following sums: $20,405 for back pay based on comparable work and $5,000 for mental anguish and humiliation, with interest at the rate of 9% per annum, commencing March 16, 2007, and the matter is remitted to respondent-petitioner for further proceedings in accordance with the following memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of the Commissioner of respondent-petitioner, New York State Division of Human Rights (SDHR), finding that respondent (hereafter, complainant) was discriminated against based on her gender and was constructively discharged from her employment with petitioner. The Commissioner found that the compensation received by complainant was less than that of her male counterparts who performed comparable work under essentially comparable working conditions, and that the constructive discharge was in retaliation for complainant's filing of a wage differential complaint with SDHR. The Commissioner ordered petitioner to pay complainant the sum of $20,405, for back pay owed to her from a date after her promotion to manager until the date of her resignation on March 25, 1997 plus 9% interest from March 1999, a "reasonable intermediate date," to the date on which such payment is made; the sum of $61,086, for back pay owed to complainant from the time of her resignation to the date on which she began earning a comparable salary at a new job, plus 9% interest from November 2001 to the date on which such payment is made; and the sum of $15,000, for compensatory damages for mental anguish and humiliation, plus 9% interest from the date of the Commissioner's order to the date on which such payment is made. SDHR filed a cross petition seeking enforcement of the Commissioner's order.

We conclude that the determination that petitioner paid complainant less than her male counterparts for performing comparable work under essentially comparable working conditions is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]). We reject the contention that the back pay award based on comparable work must be limited to the one-year period contained in Executive Law § 297 (5). By failing to raise that contention at any point prior to this appeal despite its knowledge that back pay was sought in excess of that one-year period, petitioner implicitly waived the applicability of the limitation, and we decline to apply it now. We therefore confirm the Commissioner's determination with respect to back pay based on comparable work.

We conclude, however, that the determination that complainant was constructively discharged in retaliation for filing a wage differential complaint is not supported by substantial evidence, and we therefore modify the determination accordingly. We further conclude that, although the determination that complainant is entitled to compensatory damages for mental anguish and humiliation is supported by substantial evidence, the amount of that award is excessive. Complainant sought no medical treatment and her testimony in support of that award was sparse (*see generally Matter of Buffalo Athletic Club v New York State Div. of Human Rights*, 249 AD2d 986). In our view, an award of $5,000 is the maximum award supported by the evidence, and we therefore further modify the determination accordingly.

Finally, we conclude that the Commissioner erred in requiring petitioner to pay predetermination interest relating to that portion of the "unreasonable delay" in determining the complaint that is attributable solely to SDHR (*Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 625 [1994]; *see generally Matter of M. Passucci Gen. Constr. Co. v Hudacs*, 221 AD2d 987 [1995], *lv denied* 87 NY2d 811 [1996]). We therefore further modify the determination accordingly, and we remit the matter to SDHR to set the date that predetermination interest is to commence on the award of damages for back pay based on comparable work after taking into account the period of time attributable solely to SDHR's unreasonable delay (*see Corning Glass Works*, 84 NY2d at 624-625).

All concur except Green and Gorski, JJ., who dissent in part and vote to confirm in the following memorandum.

Green and Gorski, JJ. (dissenting in part). We respectfully dissent in part. In our view, the Commissioner's award of $15,000 for mental anguish and humiliation is supported by the

record (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 218-219 [1991]), and is consistent with awards for comparable injuries (*see generally Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 991 [2006]). That award therefore should not be disturbed. We further conclude that the Commissioner's determination that complainant was constructively discharged is supported by substantial evidence (*see generally Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 707 [2006]), and that the award of damages relating to that constructive discharge also should not be disturbed. Finally, contrary to the majority, we would not disturb the award of predetermination interest. "[C]onsistent with the underlying purpose and intent of the Human Rights Law to compensate victims of employment discrimination, here the award of pre-determination interest, accruing from the date of discrimination, complements the back pay award and is appropriate" (*Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 27 [2002]). We therefore would confirm the determination, dismiss the petition and grant the cross petition seeking enforcement of the Commissioner's order. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.